## HOMAN and others *vs.* BRINCKERHOFF.

The provision requiring a bond to be executed as one of the conditions to the issuing of an attachment, (*Laws of* 1831, *p.* 404, § 35,) is not satisfied by the execution of a *covenant* to pay $100, *or* to pay all damages and costs, &c.; and where only such a covenant is executed, the justice does not acquire any jurisdiction to issue an attachment.

Where a constable upon an attachment which was void for the reason that no sufficient bond had been given, seized property which was claimed by a stranger, who procured the same to be given up upon executing the bond required in such case by 2 *R. S.* 231, § 33; *held,* that the plaintiff being a trespasser in taking the property, could not maintain an action on such bond.

ERROR to the Dutchess common pleas. Brinckerhoff sued Homan & Homan, before a justice, and declared in debt on bond in the penal sum of $36,14. After reciting that certain property had been seized on attachment issued by a justice in favor of Brinckerhoff against one Davis, which property was claimed by the defendant William Homan, the condition of the bond was, that, in a suit to be brought on the bond within three months, the claimant would establish that he was the owner of the property at the time of the seizure; and in case he failed to do so that he would pay the value of the goods with interest. (2 *R. S.* 231, § 33.) The defendants pleaded the general issue, and other pleas not important to notice. The justice gave judgment for the plaintiff, and the defendants appealed. On the trial in the common pleas it appeared, that the attachment issued on the ground that Davis was about to remove or dispose of his property, with intent to defraud his creditors; and on issuing the attachment the justice took from the plaintiff Brinckerhoff and a surety a writing, under seal, as follows: "We jointly and severally promise to pay to I. Davis the sum of one hundred dollars, or pay to him all damages and costs he may sustain by reason of the issuing of an attachment this day applied for by B. H. B., if he fail to recover judgment thereon; and if judgment be recovered, the plaintiff will pay the defendant all moneys which shall be received by him from

any property levied on by the said attachment over and above the amount of such judgment, and interest and costs thereon." On the return day of the attachment the parties appeared, and Davis, by William Homan as his attorney, pleaded the general issue to the plaintiff's declaration. The justice gave judgment for the plaintiff in that suit. Afterwards, and before execution was issued, Homan with his surety gave the bond on which this suit was brought. The defendants insisted that the justice did not acquire jurisdiction to issue the attachment; and consequently that the plaintiff could not recover. The court overruled the objection, and decided that the plaintiff was entitled to recover. Verdict and judgment accordingly. The defendants now bring error.

*O. T. Coffin,* for the plaintiffs in error, cited 2 *Hill,* 616; 3 *Cowen,* 206; 3 *Caines,* 129.

*J. L. De Long,* for the defendant in error.

*By the Court,* Bronson, Ch. J. The statute under which the plaintiffs proceeded against Davis provides, that before any attachment shall issue, there shall be a bond in the penalty of at least one hundred dollars, with a certain specified condition. (*Stat. of* 1831, *p.* 404, § 35.) The instrument which the justice took is not a bond. It is a covenant to pay one hundred dollars, or do something else, in a certain event. (*Rockfeller* v. *Hoysradt,* 2 *Hill,* 616.) I do not see how we can depart from the statute, and say that a covenant will answer the purpose. As there was no bond, the justice did not acquire jurisdiction to issue the attachment, and the plaintiff was a trespasser in taking the property. He cannot maintain an action on the bond which was given to obtain the liberation of the property thus illegally taken.

It is said, and well said, that the justice obtained jurisdiction in the attachment suit when the defendant Davis appeared and pleaded to the declaration. The judgment rendered in that suit was therefore valid. But that will not aid the plaintiff.

He did not hold the property under the judgment. No execution had been issued at the time the bond in suit was executed. If Homan had waited until execution had been issued, his claim would have come too late for this form of remedy. (2 *R. S.* 231, § 33.) Although the plaintiff had got a valid judgment, he had no other hold upon the property than such as the attachment gave him ; and that, as we have seen, was utterly void for want of jurisdiction to issue it. There must be a *venire de novo.*

Judgment reversed. .