WHILEY & WHILEY vs. SHERMAN and others.

In an action on a bond given pursuant to 2 *R. S.* 231, § 33, by a party claiming property which had been seized on an attachment, the plaintiffs need not shew jurisdiction in the justice to issue the attachment.

ERROR to the Kings common pleas. Whiley & Whiley sued Sherman and the other defendants in error before a justice of the peace, in debt on a bond in the penal sum of $185. It recited that the plaintiffs had procured an attachment to be issued by a justice of the peace against one Plant, upon which certain goods had been seized as the property of Plant, but which were claimed by Sherman, and was conditioned to be void if Sherman should establish that he was the owner of the goods seized, at the time of such seizure, in a suit to be brought on the bond within three months from its date, or in the case of his failure to do so, should pay the value of the goods with interest. (2 *R. S.* 231, § 33.) The defendants pleaded *non est factum*, and 2, that Sherman was the owner of the goods; and gave notice of special matter.

The plaintiffs recovered before the justice and the defendants appealed. On the trial in the common pleas, the plaintiffs proved the execution of the bond and gave other evidence, and were

about to prove the value of the property attached, when the defendants objected that the plaintiffs were bound to shew jurisdiction in the justice to issue the attachment. The court sustained the objection, and the evidence suggested not being given, they charged the jury to find for the defendants. The plaintiffs' counsel excepted, and the defendants had a verdict, upon which judgment was entered.

*C. C. Egan,* for the plaintiffs in error.

*F. R. Sherman,* for the defendants in error.

*By the Court,* JEWETT, J.    To entitle the plaintiffs to recover it was only necessary for them, under the pleadings, to prove the execution of the bond by the defendants, and the value of the goods seized and delivered to the claimant. They proved the bond, but failed to prove the value of the property, the court having decided that such testimony was improper until the plaintiffs had produced the attachment and shown that the justice had jurisdiction to issue it. This decision is supposed to be sustained by the case of *Homan* v. *Brinkerhoff,* (1 *Denio,* 184.) In that case it appeared affirmatively by the evidence, that the justice did not acquire jurisdiction to issue the attachment, and that it was void. It was not there held that in ordeᴛ to recover upon such a bond it was necessary for the plaintiff to show that the attachment was regularly issued, but only that where it was proved that the attachment was void, the plaintiff could not recover upon the bond. The judgment must be reversed.

Judgment reversed.