Broadhead *v.* McConnell.

---

---

ALLEGANY GENERAL TERM, May, 1848. *Hoyt, Mullett, and Marvin,* Justices.

BROADHEAD and others *vs.* McCONNELL and others.

A judge, or other officer, has no authority to issue his warrant, under the 4th section of the act to abolish imprisonment for debt and to punish fraudulent debtors, without *evidence*, by affidavit going to establish one or more of the particulars mentioned in that section.

An affidavit stating those particulars, on information and belief merely, is not *evidence* or *proof*, and does not authorize the issuing of a warrant.

When a judge, or other officer, issues his warrant, in cases provided for by that statute, without any of the preliminary proof required by such statute, his warrant is void, and he acquires no jurisdiction over the matter, or the party.

When a defendant is brought before the officer, on such a warrant, and objects to

Broadhead v. McConnell.

the officer's jurisdiction, and after a decision against him, controverts the pretended facts and circumstances on which the warrant was issued, and afterwards, to prevent being imprisoned, gives his bond, with sureties, as provided in the 10th section of the said act, he is not estopped from denying the officer's jurisdiction, nor from setting up his want of jurisdiction, as a defence to an action on the bond.

THIS was a motion to set aside a nonsuit. The action was debt on a bond, for the performance of covenants other than for the payment of money, with breaches assigned in the declaration. The cause was tried before his Honor James G. Hoyt, one of the justices of this court, at the Livingston circuit, in December, 1847. On the trial, the plaintiff produced and read in evidence, a bond made by the defendants, to the plaintiffs, in the penal sum of $1500, dated the 4th day of February, 1847, with the following recital and condition, subjoined : "Whereas, complaint has been made by the above named obligees, to James W. Bennett, Esq., supreme court commissioner in and for said county, against John McConnell aforesaid, under the act to abolish imprisonment for debt and to punish fraudulent debtors, passed April 26th, 1831, and such proceedings have been had thereon, that the said officer has decided to grant a warrant of commitment. Now therefore, to prevent the granting of such warrant, the condition of this obligation is such, that if the said John McConnell shall within thirty days from the date hereof, apply for an assignment of all his property, and for a discharge, as provided for in the twelfth section of the said act, and diligently prosecute the same until he obtain such discharge, then this obligation to be void, and of no effect, otherwise to be and remain in full force and virtue;" and rested his case. Upon which the counsel for the defendants moved for a nonsuit, on the ground that the plaintiffs had given no evidence showing that the said supreme court commissioner ever acquired jurisdiction to entertain the proceedings had before him against the said McConnell, in which the said bond was given. Which motion was opposed by the counsel for the plaintiffs on these grounds. (1.) That the jurisdiction of the said supreme court commissioner, to entertain the proceedings, could not be

Broadhead *v.* McConnell.

thus collaterally inquired into, by the defendants, in an action upon the bond. (2.) That the bond, and the condition and recital in the same, furnish sufficient proof of such jurisdiction. (3.) That the defendants, by executing the said bond, were estopped from questioning the jurisdiction of the supreme court commissioner, in an action on the bond. (4.) If the jurisdiction of the supreme court commissioner could be then inquired into, under the pleadings, the defendants were bound to prove such want of jurisdiction. The judge decided that the proof then made by the plaintiffs was not sufficient to enable them to sustain their action on the bond. To which decision the counsel for the plaintiffs excepted. And further to maintain his action he introduced the said supreme court commissioner as a witness; who testified, in substance, that at the time of the proceedings had before him against McConnell, he was a supreme court commissioner, residing at Dansville, in the county of Livingston, and that on the first of February, 1847, he did, as such supreme court commissioner, issue a certain warrant against McConnell; that said warrant, with a copy of the affidavit on which the same was granted, duly certified by him the said supreme court commissioner was on the same day delivered to a deputy of the sheriff of the county of Livingston, to be executed according to law. That said warrant was afterwards, on the same day, returned to him the said commissioner, by the deputy sheriff, with his return endorsed thereon. That the warrant was issued on the affidavit mentioned in the same; which affidavit he, the witness, as such commissioner, did, before he issued the warrant, decide was in all respects in compliance with the requirement of the said act, and fully authorized the issuing of said warrant. The warrant and the return thereon were then read in evidence, and were in the words and figures following, that is to say:

" State of New-York, Livingston county, ss:

To any sheriff, or constable, within the said county of Livingston, Greeting. Whereas it has satisfactorily appeared to me, the subscriber, by the affidavit of James Suydam, a copy

of which accompanies this warrant, that Edgar Broadhead, Cornelius Storm, and John A. Storm, have commenced a suit in the supreme court of this state against John McConnell, for the recovery of a demand arising upon contract, exceeding the sum of fifty dollars, in which suit the said John McConnell cannot be arrested or imprisoned according to the provisions of the act to abolish imprisonment for debt and to punish fraudulent debtors, passed April 26th, 1831, and that the said John McConnell has property, or rights in action, which he fraudulently conceals, and that the said John McConnell has assigned, removed, or disposed of, or is about to dispose of, his property, with intent to defraud his creditors; and that the said John McConnell fraudulently contracted the debt, or incurred the obligation, respecting which the said suit is brought. You are therefore commanded, in the name of the people of the state of New-York, to arrest the said John McConnell, and bring him before me, at the public house kept by William Bingham, in the village of Dansville, in said county, without delay, to answer to the said complaint, that such further proceedings may be had thereon as are authorized by the act aforesaid.

Dated February, 1, 1847.                    J. W. BENNETT,
                                   Supreme Court Commissioner."

That the return upon the said warrant was as follows: "Arrested the within named defendant, John McConnell, and brought him into court before the commissioner.

Dansville, Feb'y 1, 1847.          WILLIAM SCOTT, Sheriff.
                                   H. Hill, Dept."

The witness further testified, in substance, that McConnell was arrested by the deputy sheriff, and brought before him, at the time and place, when and where the said warrant was returned, and that the proceedings, recited in the condition of the bond, were thereupon had against the said McConnell. That witness, as such commissioner, did decide to commit said McConnell, and that to prevent such commitment, said bond was executed; and the counsel for the plaintiffs again rested. Thereupon the counsel for the defendants renewed his motion

Broadhead *v.* McConnell.

for a nonsuit, on the ground that the plaintiffs had shown no jurisdiction in the supreme court commissioner to issue the warrant. Which motion was opposed by the counsel for the plaintiffs, on the ground that the warrant legally issued, upon an affidavit which the supreme court commissioner, before he issued the said warrant, *decided* was, in all respects, a compliance with the requirements of the said act, and fully authorized the issuing of the said warrant, and that such decision of the commissioner was as final and conclusive as any other judgment he could render in the proceedings, and that the same could not be thus collaterally reviewed or reversed. The judge decided that the proof so introduced, by the plaintiffs, was not sufficient to enable them to sustain their action upon the bond ; to which decision the counsel for the plaintiffs excepted. And thereupon, the counsel for the plaintiffs further proved by the commissioner, that McConnell, upon his examination before the said commissioner, before any other proceedings were had, objected that the affidavit was not sufficient, and did not authorize the issuing of the warrant, and that the said commissioner had no jurisdiction to entertain the said proceedings, and insisted that the commissioner should discharge him from the said arrest, and that the said plaintiffs objected to such discharge, and insisted that the affidavit was sufficient, and fully authorized the issuing of the warrant. And that he, the said commissioner, did *decide* that the affidavit was sufficient, and fully authorized the issuing of said warrant, and that he had jurisdiction to continue the said proceedings, and that he refused to discharge the said McConnell from the arrest ; that McConnell, after the last mentioned decision of the commissioner, and immediately thereupon, interposed and presented to him, the said commissioner, his certain plea, or statement in writing, controverting all the facts and circumstances on which the said warrant issued, and verified his allegations contained in his said plea or statement by his own affidavit. Upon which the plaintiffs, by their counsel, insisted before the said justice, that the sufficiency of the said affidavit, and the question of jurisdiction, having been distinctly raised before, and decided by, the com-

missioner upon the said examination, his decision thereupon was as final and conclusive as any other judgment which the said commissioner could give in the matter; and that the said decision and judgment could not be thus collaterally reviewed or reversed. And the counsel for the plaintiffs also further insisted on the said trial, that McConnell, by putting in his plea controverting the facts and circumstances on which the warrant issued, waived all objections as to the sufficiency of the said affidavit, and that he could not legally raise the same objections in this court. But the justice decided that the plaintiffs had not produced evidence enough to sustain their action on the bond; to which decision the plaintiff's counsel excepted, and further to maintain the said issue on their part, produced and proved the affidavit on which the said warrant was issued, and which is in the words and figures following:

" *Livingston County, ss :* James H. Suydam, agent for Edgar Broadhead, Cornelius Storm, and John A. Storm, merchants of New-York city, doing business under the name, firm, and style, of Broadhead, Storm & Co., being duly sworn, says, that John McConnell, of Dansville, in said county of Livingston, is justly indebted to said Broadhead, Storm & Co. in the sum of seven hundred and fifty-six dollars and eighty-six cents, for goods, wares and merchandize, sold and delivered to said McConnell, for which demand the said John McConnell cannot be arrested or imprisoned, according to the act to abolish imprisonment for debt and to punish fraudulent debtors, passed April 26, 1831. And that for the recovery of said demand, said Broadhead, Storm & Co. have commenced a suit in the supreme court of judicature of this state, against the said John McConnell. And this deponent further says, that he verily believes that the said John McConnell has property, or rights in action, which he fraudulently conceals, for that as deponent is informed and believes, said John McConnell has notes and accounts which he has fraudulently concealed and placed in the hands of some person or persons unknown to deponent, to prevent their application upon his debts. Also, that the said McConnell

Broadhead *v.* McConnell.

has, as this deponent is informed and believes, money in his own custody, and the custody of Daniel McConnell and Frederick McConnell, which he conceals, and has placed in the said Daniel and Frederick's hands, with intent to defraud his creditors. Also, that said John has paid to said Daniel and Frederick, and other persons, divers sums of money with like intent. And deponent further says, that he is informed and believes, said John McConnell has disposed of an equitable interest, by a pretended sale, in a store and lot, situate in Dansville aforesaid, to Isaac L. Endross and James McMain, or one of them, when, in fact, such sale and transfer was made on an insufficient consideration, with intent to defraud his creditors. Also, as deponent is informed and believes, said John confessed a judgment of fifteen hundred dollars, besides costs, to Isaac L. Endross, in the Livingston common pleas, and another to David McConnell, in the same court, of about four hundred and fifty dollars, besides costs, without consideration, and with intent to defraud his creditors. Also, as deponent is informed and believes, said John McConnell has paid over money to said Daniel McConnell and Frederick McConnell, of Mt. Morris, with intent to defraud his creditors. And deponent further says, as he is informed and believes, the obligation respecting which the aforesaid suit is commenced by said Broadhead, Storm & Co. against the said John McConnell, was fraudulently contracted by him, by falsely representing to the said Broadhead, Storm & Co. that he was a merchant at Dansville aforesaid, in good standing, and worth at least three thousand dollars, and by his bringing letters of recommendation that were false.

JAMES H. SUYDAM."

Sworn and subscribed before me, this 1st day of February, 1847.    J. W. BENNETT,

Supreme Court Commissioner.

This being all the proof offered on the part of the plaintiffs, the counsel for the defendants moved for a nonsuit; which motion was opposed by the counsel for the plaintiffs, and granted by the judge; to which decision the plaintiff's counsel excepted, and filed a bill of exceptions.

Broadhead *v.* McConnell.

*L. C. Peck*, for the plaintiffs.

*Geo. Hastings*, for the defendants.

*By the Court*, MULLETT, J. It is not necessary to decide what the plaintiff's rights would have been had he rested them upon any of the exceptions which he took in the course of the trial, before the nonsuit. By proceeding in the trial, after the exceptions, he may be regarded as declining to put his cause on any of those intermediate exceptions, and as standing now in the same situation as though he had in the first instance pro-duced all the proof which he gave on the trial. The examina-tion of the intermediate exceptions, not involved in the excep-tions to the decision granting the nonsuit, would be useless speculation ; as the decision here must be made upon the whole case as it stood when it was decided by the judge. At this time the whole proceedings before the supreme court commis-sioner were produced in evidence, and it is no matter whether the plaintiffs were obliged to produce all the evidence or not. Having done so, it constituted their case upon which the judge decided ; and this decision, and the premises upon which it was founded, are what we are called upon to review. The judge granted the nonsuit on the ground that the case, inclu-ding the affidavit, showed that the supreme court commissioner had no authority to grant the warrant against McConnell, and consequently no jurisdiction to entertain the proceedings against him founded on the warrant, and therefore, that the bond on which this suit is brought, having been coerced from the defen-dants by force of such proceedings, could not bind them. The defect in the authority of the officer to issue the warrant was traced to the insufficiency of the affidavit on which the warrant was founded. Against this conclusion the plaintiff's counsel makes the following objections : *First.* That the decision of the supreme court commissioner upon the sufficiency of the af-fidavit at the time of issuing the warrant, and his decision upon the subject of his jurisdiction, when it was questioned, after the return of the warrant, were conclusive upon the subject of juris-

Broadhead *v.* McConnell.

diction, until such decisions were reversed by a court having power to review them, in a proceeding for that purpose, and that the question of the commissioner's jurisdiction could not be raised in an action on the bond. *Second.* That McConnell, by putting in his answer before the commissioner, controverting the facts and circumstances upon which the warrant issued, and again, by giving the bond to prevent the issuing the warrant of commitment, waived his right to object to the jurisdiction of the commissioner to issue the warrant and entertain the proceedings under it. *Third.* That the affidavit upon which the warrant was founded was sufficient to authorize the officer to issue the warrant, and to give him jurisdiction of the proceedings under it.

The plaintiff's first point presents questions upon which there would, at first view, appear to be some diversity of decision. I have not the time to review the various decisions on the subject of jurisdiction, nor the presumption to attempt it, though it appears to me that the difficulty of examining such questions might be diminished, by a proper arrangement and classification of the several adjudications upon the different branches of this general subject. Cowen & Hill, in their valuable notes to Phillipps' Treatise on the Law of Evidence, which were referred to by the counsel on both sides, on the argument of this cause, have collected a vast number of decisions on the subject of jurisdiction, and have done much towards arranging them, under different heads, and have thereby conferred a great benefit on the profession. Still, every person, after the examination of that work, feels the pain of uncertainty and confusion, and regrets that the learning, talent, and industry, devoted to that compilation, had not been employed in writing a system of evidence, instead of compiling a digest of notes to another work.

It is a general principle that the jurisdiction of all courts and officers may be questioned whenever the proceedings or decisions of such courts or officers are made the foundation of any claim. (*Borden* v. *Fitch*, 15 *John. Rep.* 141, *Thompson, Ch. J. Mills* v. *Martin*, 19 *Id.* 33, *Spencer, Ch. J. Latham* v. *Edgerton*, 9 *Cowen's Rep.* 227, *Sutherland, J.,* and the other

Broadhead *v.* McConnell.

*cases referred to in Cowen & Hill's Notes to Phil. Ev. p. 801, note 551, and Clinton, Senator, in Yates* v. *Lansing,* 9 *John. Rep.* 431 *to* 437.) This principle applies to all courts, whether of general or special jurisdiction, and to all questions of jurisdiction, whether over the subject matter or over the parties. There is, however, a practical difference between the modes of raising the question of jurisdiction, dependent upon the character of the court, whether it be a court of general or special jurisdiction. The authority of courts of general jurisdiction, both over the subject matter of the suit and the parties, is always presumed, and those who deny it must take upon themselves the burden of overturning this presumption; while nothing is presumed in favor of courts or officers of special jurisdiction, and those who claim a right under their proceedings, or decisions, must show the authority to make them. This is the rule when the claim depends entirely on the proceedings or decision of the court or officer. There may be claims, founded partly on the proceedings or decisions of the court or officer, and partly on the acts of the party against whom the claim is made, where jurisdiction will be presumed in favor of such claim against the party whose acts have concurred with those of the court or officer. This circumstance will throw the burden of showing the want of jurisdiction in the court or officer, and thereby proving that his apparent concurrence was coerced by the illegal assumption of power, on the person against whom the claim is made. This last proposition is recognized by the supreme court in the case of *Whiley* v. *Sherman and others,* (3 *Denio,* 185,) and the case of *Kanouse & Whigam* v. *Dormedy,* (*Id.* 567,) but the plaintiff did not put his case upon this principle. The plaintiff claimed that the decision of the commissioner, on the affidavit containing the jurisdictional facts, was conclusive until reversed, and made that matter *res adjudicata.* It is a rule of jurisprudence that matters once directly decided by a court of competent jurisdiction, shall not again be questioned while that decision remains in force; except by a court having power to review such decision, and in the proper proceeding for that purpose. (*Gardner* v. *Buckbee,*

3 *Cowen's Rep.* 120. *Wood* v. *Jackson*, 8 *Wend.* 1, *Seward Senator*, 37 to 47. *Lawrence* v. *Hunt*, 10 *Id.* 80. *The People* v. *Collins*, 19 *Id.* 56. *Mercein* v. *The People*, 25 *Id.* 64. *Supervisors of Onondaga* v. *Briggs*, 2 *Hill*, 35. *Miller* v. *Manice*, 6 *Id.* 114.) But one of the elements of this rule is, that the court has jurisdiction or legal authority to make the decision. If the court has no authority to make the decision, the decision has no efficacy whatsoever, and is entitled to no legal respect or recognition. So that the jurisdiction of the court making the decision, is always a proposition embraced in the above general rule. As the validity and conclusiveness of the decision must depend on the authority of the court to make it, the decision cannot be conclusive evidence of that authority. This would be making the decision on the subject of jurisdiction conclusive evidence of authority to make the decision. It would be saying that the court had jurisdiction to decide, because it had decided that it had jurisdiction. There are, however, cases where the facts which gave jurisdiction of the person were the same as those which were to be tried; in which cases the decision on the trial was said to be conclusive on the question of jurisdiction. This doctrine is supposed to be supported by the case of *Brittain* v. *Kinnaird*, (1 *Brod. & Bing. Rep.* 432,) which was cited by the plaintiff on the argument of this cause, and is referred to in Cowen & Hill's Notes, p. 1016. Mr. Justice Bronson, in *Ex parte Clapper*, (3 *Hill*, 460,) says, there is room to doubt whether the case of *Brittain* v. *Kinnaird* can be supported. It was an action of trespass brought against Kinnaird and another, two justices of the peace, for seizing and detaining a vessel on the river Thames, having gunpowder on board. On the trial it appeared that the vessel in question, which was decked, and of the burthen of thirteen tons, was seized by the defendants and another, as magistrates, under a statute making it their duty to seize certain boats in the river Thames, with gunpowder on board, called the bomb boat act. (2 *Geo.* 3, *ch.* 28.) The plaintiff was about to offer evidence to show that the vessel in question was not a boat, within the meaning of the statute, for the purpose of showing that the

justices had no jurisdiction to seize it. The court intimated that the conviction was conclusive evidence on that subject, and received the record of conviction; from which it appeared that the conviction was under the statute, " for that the said Brittain unlawfully had in his possession, in a certain boat in the river Thames, certain stores, to wit, 350 pounds of gunpowder, and 58lbs of ball cartridge, which had then lately been unlawfully procured from and out a ship or vessel in the river Thames." The court, at the trial, decided that the conviction was conclusive upon the questions of the character of the vessel and of the magistrates' jurisdiction to seize it. On a motion for a new trial, founded on a rule nisi, Dallas, Ch. J. of the common pleas, and Park, Burrough and Richardson, Justices, all gave opinions sustaining the decision of the judge on the trial; on the ground that the question whether the vessel seized was a boat or not, within the meaning of the statute, was *res adjudicata* in the proceedings before the justices. It is sufficient, on the present occasion, to say of this case, that it has no similarity to the one under consideration. It does not appear that the statute under which the seizure was made, required the magistrates to have any preliminary proof to authorize them to seize the vessel. For aught that appears, the seizure was an official duty, governed entirely by judicial discretion in the performance of it. The authority of the supreme court commissioner, in the case under consideration, was contingent and conditional. He was required, by the statute authorizing him to issue a warrant, to have proof of certain facts upon which the warrant should be founded; and the same statute declared that he should not issue a warrant without the prescribed proof of those facts. His jurisdiction, and its limitation, are expressly pointed out by the 3d, 4th and 5th sections of the act to abolish imprisonment for debt and to punish fraudulent debtors, passed April 26, 1831. The 1st section of the act declares generally that no person shall be arrested or imprisoned for debt. The 3d section provides that in cases where, by the provisions of the act, a defendant cannot be arrested or imprisoned, a plaintiff, who shall have commenced a suit in a court of record, may apply

to a judge, or other officer authorized to perform the duties of a judge, for a warrant to arrest the defendant.　By the 4th section no such warrant shall issue unless satisfactory evidence shall be adduced to such officer, by affidavit, that there is a debt due to the plaintiff from the defendant, amounting to more than $50, and specifying its nature and amount as near as may be, for which the defendant, according to the provisions of the said act, cannot be arrested or imprisoned, and establishing one or more of the following particulars; among which are, that the defendant has property, or rights in action, which he fraudulently conceals, or that he has assigned, removed, or disposed of, or is about to dispose of, any of his property, with intent to defraud his creditors; or, that the defendant fraudulently contracted the debt, or incurred the obligation, respecting which said suit is brought.　By the 5th section it is provided that upon such *proof* being made to the satisfaction of the officer to whom the application shall be addressed, he shall issue a warrant in behalf of the people of this state, &c.　These are the conditions upon which the officer has authority to issue a warrant under this statute; and the statute expressly declares that no warrant shall issue unless these conditions are complied with.

If the statute had barely provided that in cases where the defendant had committed any of the specified acts to defraud his creditors, the officer might issue his warrant against the defendant, and inquire into the matter, then the officer would have some pretence for exercising judicial discretion, and could bring his case within that of *Brittain* v. *Kinnaird.*　And if the defendant came before him and contested the facts charged, and they were decided by the officer, then it might be claimed that the case was within the rule laid down in Cowen & Hill's Notes, page 1201, which is, " That where the matter constituting jurisdiction is the same with that which is to be judicially heard and determined, on the trial of the very issue in the cause ; in other words, whenever such matter makes a part of the merits, it is not the subject of collateral objection, but is reversible by direct proceedings only, as on error, certiorari, &c."

Broadhead *v.* McConnell.

But in the case under consideration, the preliminary affidavit, containing the matter required by the statute, is the only means by which the officer gets authority to issue his warrant, or gets any jurisdiction over the subject matter, or over the party. Without the affidavit he acquires no legal power to make any decision in the case; while with the affidavit, containing the proper matter, although entirely false, he may have jurisdiction over the subject matter and the party, and power to make decisions, which would be conclusive until reversed, within the principle ably sustained in the case of *Betts* v. *Bagley*, (12 *Pick. Rep.* 572, 582, 3,) and referred to in Cowen & Hill's Notes, pp. 1020, 21. In this sense, the jurisdictional matter is not the same with that which is to be judicially heard and determined. The jurisdictional matter is the affidavit required by the statute. The matter to be judicially heard, and determined, is the existence of the facts stated in the affidavit, which may be controverted, and which the officer is expressly authorized to hear and determine, after the party is brought before him on the warrant. The affidavit is necessary, to give the officer power to issue the warrant and bring the party before him, and after thus acquiring lawful jurisdiction over the case, and over the party, the matters decided by the officer may be *res adjudicata*. The officer has no power to dispense with the affidavit, or any of its requisites ; and his decision in favor of the sufficiency of an affidavit destitute of the matters required by the statute, would not be conclusive, because without the proper affidavit he would have no jurisdiction to decide. This principle has been frequently recognized by the supreme court of this state, and applied to the proceedings of courts and officers, of limited or special jurisdiction ; although the statute under which they acted did not in terms, as this statute does, declare that they should not proceed without specified preliminary proof. Among the many cases where this principle has been applied, are the following. *Brown* v. *Hinchman*, (9 *John. Rep.* 75.) *Van Steenbergh* v. *Kortz*, (10 *Id.* 168.) *Adkins* v. *Brewer & Harvey*, (3 *Cowen's Rep.* 206.) *Bowman* v. *Reese & Cotton*, (6 *Id.* 234.) *Matter of Faulkner*, (4 *Hill*, 598.)

Broadhead *v.* McConnell.

All judicial powers are in the nature of agencies, some of which may be general and others more limited or special; but all are, in the proper way, liable to be called in question. The jurisdiction of the highest courts in the state, are as liable to be questioned, as those of the most limited and inferior. There is no such thing known to our institutions as judicial unaccountability. Courts and officers cannot give themselves power. There is but one fountain of judicial power, and that is the sovereignty, wherever it may reside. Power in all other hands is derivative, and the possession of it may be questioned. If the court exercising judicial power has, by the constitution and laws, general jurisdiction over subjects and persons, the party who would make his case, or himself, an exception, must prove it to be so. If the court is one of limited jurisdiction, that is, having cognizance over certain specified subjects, or persons, the party who relies upon the proceedings, or decisions, of the court, must show that it has jurisdiction or authority to act in the matter. If the officer has a discretionary judicial power, that is, a power which he is to apply to certain subjects, at his discretion, a fair and bona fide, but mistaken application of that power, may protect the officer, though it may not bind other persons. If the officer has a contingent or conditional power, that is, a power which he is authorized to exercise only on the happening of some contingency, or the performance of some condition, both he and all persons claiming solely under his acts, must show the facts which gave him authority to act. The supreme court commissioner, in the case under consideration, had the last kind of jurisdiction; and if he issued his warrant without the affidavit required by the statute, he obtained no jurisdiction over the matter or the party, and his decisions were *coram non judice.* The second proposition in the plaintiff's first point, being dependent on the first, must stand or fall with it.

The plaintiff's second point is founded upon the assumption that McConnell, by answering the matter charged against him, and then again by giving the bond to prevent the issuing of the warrant of commitment, voluntarily submitted himself to the jurisdiction of the officer, and to his requirements, and is

now estopped from denying the said jurisdiction, or the validity of his own acts. This assumption is applicable only to the ·question of jurisdiction over the person. It is sufficient to say, in answer to this point, that the officer's assumed jurisdiction over McConnell was at first compulsive; that McConnell, during the whole proceedings, denied its legality, and that finally he made the bond to save himself from a threatened imprisonment. Under such circumstances he waived nothing; and if the authority by which he was coerced was illegal, the acts which he was thus compelled to perform were not voluntary, and do not bind him. (*Avery & Lathrop* v. *Slack,* 17 *Wend.* 85. *Shannon* v. *Comstock,* 21 *Id.* 457. *Bennett* v. *Ingersoll,* 24 *Id.* 113. *Fanning* v. *Trowbridge,* 5 *Hill,* 428.)

The plaintiff's third point involves an inquiry into the sufficiency of the affidavit upon which the warrant was issued, to give the supreme court commissioner jurisdiction, or power to issue it; which is at once the simplest and most important point in the case. The 4th section of the act under which the warrant in this case was issued, (*Sess. Laws of* 1831, *p.* 396,) declares that no warrant shall issue, unless satisfactory *evidence* be adduced to such officer, by the affidavit of the plaintiff, or some other person, establishing one or more of the following particulars, (*subd.* 1 *to* 4.) By the 5th section—Upon such *proof* being made, to the satisfaction of the officer, he shall issue his warrant, &c. Now it is admitted that whenever there is *any evidence,* by *affidavit,* going to *establish* any of said *particulars,* and which furnishes *any proof* of them, the matter is brought within the judicial cognizance of the officer, and his decision, on this proof, is conclusive until reversed. But it is denied that he has a right to act on, or be satisfied by, any thing short of the *evidence* and *proof* required by the statute. He must be satisfied as a judge, upon legal *evidence* and *proof.* The defect in the affidavit under consideration is, that it is not *evidence* or *proof,* tending to establish any of the *particulars* mentioned in the statute. Suydam, on all of these points, speaks only as to his information and belief. This is not *evidence* or *proof* of the facts mentioned. Suydam may have

Broadhead *v.* McConnell.

sworn truly, yet the person who gave him the information, upon which he founded his belief, was not under oath. Evidence and proof, when applied to the testimony of witnesses, mean statements under oath. This principle has been frequently adopted in similar cases; among the more recent of which are *Loder* v. *Phelps*, (13 *Wend. Rep.* 46;) *Matter of Faulkner*, (4 *Hill's Rep.* 598, *and the cases there cited ;*) *The People* v. *The Recorder of Albany*, (6 *Id.* 429.) If this affidavit is sufficient to justify the issuing of the warrant, then it follows that the warrant may be issued upon mere hearsay statements, of an unnamed and irresponsible person not under oath, or upon a belief without showing any facts upon which it is founded. In this way, the safeguard which the statute has thrown around the debtor's liberty may be torn down by some secret and malicious individual, without even the danger of a violated oath, the debtor be imprisoned as a criminal, and the pursuing creditor rewarded for his contrivance to evade the statute, by a priority in the payment of his debt, over all other creditors. Such consequences can be produced only by a perversion of the statute. I have no doubt that the affidavit, on which the warrant in this case was issued, was entirely insufficient to give the officer jurisdiction, and that all his proceedings under it were void; and therefore that the justice who tried the cause did right in the premises in nonsuiting the plaintiff. Even if the intimations of the justice in the course of the trial, in regard to the proof which the plaintiff ought to produce to sustain his action, were erroneous, (upon which I give no opinion,) the plaintiff voluntarily produced the other proof, which well warranted the ultimate nonsuit. A new trial can only produce a scramble about the *onus probandi.* We now have before us enough to show, that whether the proof be produced by the plaintiffs or the defendants, when it is produced it will disable the plaintiff to maintain an action on the bond. (2 *Hill*, 205.)

For these reasons, the motion for a new trial must be denied, with costs.

Motion denied