81 U.S. 5
 20 L.Ed. 875
 14 Wall. 5
 COCKROFT
v.
VOSE.
 December Term, 1871
 
 MOTION by Mr. E. C. Benedict, to dismiss a writ of error to the Supreme Court of New York, taken under the assumption that the case was within the 25th section of the Judiciary Act; a section abundantly known to most lawyers practicing in this court, but which as it makes the basis of the judgment in this and several cases which follow, is partially copied for the benefit of any who do not at all times recall its phraseology.
 'SEC. 25. And be it further enacted, That a final judgment or decree in any suit, in the highest court of law or equity of a State in which a decision in the suit could be had,'Where is drawn in question the validity of a treaty or statute of, or an authority exercised under, the United States, and the decision is AGAINST their validity;
 'Or where is drawn in question the validity of a statute of or an authority exercised under any State, on the ground of their being repugnant to the Constitution, treaties, or laws of the United States, and the decision is IN FAVOR of such their validity;
 'Or where is drawn in question the construction of any clause of the Constitution, or of a treaty, or statute of, or commission held under the United States, and the decision is AGAINST the title, right, privilege, or exemption, specially set up or claimed by either party, under such clause of the said Constitution, treaty, statute, or commission, may be re-examined and reversed or affirmed in the Supreme Court of the United States upon a writ of error.'
 The case was thus:
 The State of New York passed 'An act to provide for the collection of demands against ships and vessels,' and authorizing warrants of attachment and seizure of the vessel, much in the style of admiralty proceedings. Under this act one Vose, professing to have claims against the vessel, had a warrant issued and the vessel seized. For the purpose of discharging the vessel from the custody of the sheriff, and in pursuance of the statute, one Cockroft gave his bond to Vose, whereby he became bound to pay to Vose the amount of all such claims and demands 'as shall have been exhibited, which shall be established to have been subsisting liens' upon the vessel pursuant to the statute above mentioned. On this bond Vose brought the suit below; setting forth in his declaration or petition the warrant, seizure, and giving of the bond sued on; all spoken of as having been made in pursuance of the statute.
 The defence, which did not deny in any way the validity of the statute, though it professed not to know more than that there had been a 'pretended seizure,' and a discharge, chiefly relied on the alleged fact that the supplies furnished had not been furnished on the credit of the vessel, but on the credit of the master exclusively. The case was tried upon that issue, and judgment entered in favor of the plaintiffs. From this judgment the defendants appealed to the General Term, by which the judgment was affirmed. From that judgment an appeal was taken to the Court of Appeals, which affirmed the judgment, and on the remittitur from the Court of Appeals final judgment was entered in the Supreme Court in favor of the plaintiffs.
 The published opinions of the Court of Appeals showed that the constitutionality of the statute was not raised in the Supreme Court or in the General Term, and was discussed for the first time in the Court of Appeals. It was there argued by counsel that the obligors having given the bond and got the benefits of the statute by having their vessel released, were estopped to deny the validity of the statute under which they took that benefit. In the decision of the Court of Appeals the opinion is expressed that the statute was invalid, as being against the provision of the United States.
 
 Messrs. J. M. Carlisle and C. N. Black, against the motion to dismiss:
 
 The State statute is plainly void, because it infringes upon the exclusive jurisdiction of the Federal courts.* Now the face of this record shows that the Court of Appeals sustained the validity of this State statute. What reasons the judges may have assigned in their opinions for what they did is unimportant. The important matter is, that if this judgment is enforced, the obligors in the bond will be compelled to pay a judgment founded upon an unconstitutional and void State statute.
 The jurisdiction of the Supreme Court cannot be ousted by a State court assigning reasons for supporting a judgment founded on an unconstitutional statute, that do not in words declare the law constitutional. Does the plaintiff recover under a plainly unconstitutional and void statute? That is the point. When the whole question is before it by the record, this court will look to nothing but the decision simply for or against. On any other principle, State courts, at their option, might oust the Supreme Court of its jurisdiction in this class of writs.
 In this particular case the Court of Appeals, while admitting the invalidity of the statute, gives it validity, existence, and effect; an apparently paradoxical condition of things, that can only be relieved from inconsistency by holding that the State court decided in favor of the validity of the statute, irrespective of, or in spite of, its obiter dictum opinion, or in spite of an opinion then rendered by it, that can be treated only as obiter dictum under the circumstances.
 Messrs. Benedict and Benedict, contra.
 Mr. Justice MILLER delivered the opinion of the court.
 
 
 1
 It does not appear to us that the Court of Appeals in which the case was decided, held the State statute to be valid, and if it did not the jurisdiction of this court cannot be invoked to declare it invalid.
 
 
 2
 The suit before us was an action on a bond given by the owners of the vessel and their sureties to release her when she had been attached in the original proceeding to enforce the lien, and several questions were raised in the defence, none of which seem, from the pleading, or anything else in the record, to have been founded on the invalidity of the statute. One of these questions evidently was whether the credit was given to the owner personally, or to the vessel; and another was whether, after the bond had been given and the vessel released, the obligors in the bond were not estopped to deny the validity of the proceeding in the attachment suit.
 
 
 3
 Now, if the court decided the case on this latter ground, as it may have done, or on any of the other grounds except the validity of the statute, we have no jurisdiction.
 
 
 4
 The inference from the condition of the record, that the court did not decide the statute valid, might receive confirmation from the opinion of that court, if we were at liberty to consider it, for it is there held that the statute is invalid for the very reason given here by the plaintiff in error why we should hold it invalid.
 
 
 5
 On the whole, we do not find, from anything in the record of this case, that the question relied on here was decided against the right claimed by plaintiff in error, and the writ is, therefore,
 
 
 6
 DISMISSED.
 
 
 
 *
 The Moses Taylor, 4 Wallace, 411; The Hine, Ib. 555.