Johnson, J.
It is conceded that the cause of action, in which the steamboat was seized, to obtain the discharge of which this bond was given, was of a maritime nature, and within the exclusive cognizance of the United States courts..
This being so, the state court had no jurisdiction to seize the property, and no authority of law to exact the-bond for its release.
The sole question therefore is, are the obligors on the bond estopped to raise the question of jurisdiction by reason of the facts stated in the reply.
The acts alleged as creating an estoppel are, that Merrill, who was sole owner of the boat, defended on the merits in the action against the boat without objecting to the jurisdiction of the court. These acts were all after the bond was given. How these after acts can vitalize a bond which the court had no authority to exact, it is not easy to comprehend.
It was not a voluntary bond. It was given in mvitum, to obtain the release of property. As the seizure of the property was void the bond falls with it. Giving it under such circumstances could not confer jurisdiction on the court over to the subject matter of the seizure. Homan v. Brinkerhoof, 1 Denio, 184 ; Matter of Faulkner, 4 Hill, 598.
The claim is, that Merrill, by defending on the merits in the original action, has waived his right to defend in this action on the bond, on the ground that the court was without jurisdiction to require it.
We regard this question as settled. The General Buell v. Long, 18 Ohio St. 521. That case arose before the decision in The Belfast, 7 Wall. 764, and other cases, which decided that our Watercraft Law, so far as it related to maritime causes, was unconstitutional and void. The boat was seized for such a cause. The defense was upon the merits in the courts below, *685 without objection to the jurisdiction of the state court. After a petition in error had been filed in this court by the craft, to reverse the judgment rendered on the merits, a new assignment' of errors was allowed, and then for the first time want of jurisdiction was set up as a ground of reversal. This court held, that a failure to plead to the jurisdiction of the court in the tidal court, was no waiver of the objection when such xvant of jxirisdiction appeared upon the record. In the opinion, it is said, that it was not a case where the court had jurisdiction over the subject-matter of the suit, and therefore differs from want of jurisdiction over the person, which was a personal privilege that could be waived.
If a defense on the mexits in the original action, without objection to the jurisdiction, was not a waiver of the right, after final judgment, to assign it as exTOX’, and obtain a reversal, for equally cogent reason will such a defense be no bar to an answer setting xxp want of such jurisdiction in an action on the bond. The right to do so is equally as clear, and the x’easons in support of it rest on stronger gx’onnds than the right to assign it as error, after final judgment in the original action.
This conclusion is supported by Vose v. Cockcroft, 44 N. Y. 415,—which, like the present, was an action otx a bond given to obtain the release of a vessel seized under the "Watercraft Law of New York, which its own coux'tshad pronounced unconstitutional in The Josephine, 39 N. Y. 19.
In Vose v. Cockcroft, the defense was upon the merits as to the liability on the bond, but there was no plea to the jurisdiction, as there is in the px-esent case. It was there held, that the proceeding under which the vessel was released, and the bond exacted to obtaiix such release, were void, and that the owner of the craft has the right to its possession; and a bond given to obtain such possession was not voluntary, but was obtained by duress and illegal compulsion.
It was, however, held, that as no plea to the jurisdiction had been made in the trial court, and as the court of appeals had no authority, on review, to consider questions not made and decided in the court in which the judgment was rendered, the obligors on the bond must be deemed to have waived such *686 plea. Here, however, the want of jurisdiction was urged in the court below, first by demurrer, as appears in 25 Ohio St. 11, and again by answer, to which the reply under consideration was filed.
Counsel for plaintiff are mistaken in supposing that this reply is sanctioned by the decision of Cockcroft v. Vose, 14 Wall. 5, or that the decision in that case conflicts with the holding of this court in the case of The General Buell. All that was there decided was, that the supreme court of the United States 'had no jurisdiction to review on error, under section 25 of the Judiciary Act, the decision in 44 N. Y., for the reason that it did not appear from the record, that the decision of the state court was in' favor of the validity of the New York Watercraft Law. Hence no federal question was presented on the record, and the writ of error was dismissed. The remarks of Mr. Justice Miller in dismissing the writ were simply to show that the state court had not decided that the state law was valid, but the contrary, and therefore that the case did not come within the provisions of section 25 of the Judiciary Act of the United States.

Judgment affirmed.