(February 19, 1892.)

## MURPHY v. MONTANDON ET AL.

[35 Am. St. Rep. 279, 29 Pac. 851.]

AFFIDAVIT FOR ATTACHMENT—JURISDICTION TO ISSUE ATTACHMENT.—

1. If an affidavit for an attachment is defective in not stating all the statute requires, or if it is false, the court has no jurisdiction to issue the attachment.

FALSE OR DEFECTIVE AFFIDAVIT.—2. If issued upon such false or defective affidavit, the obligors on the bond given to procure the release of the attachment may, under proper pleadings, prove such fact in defense of a suit on the bond.

AFFIDAVIT AS EVIDENCE.—3. In such suit the affidavit in the original cause may be introduced in evidence for the purpose of showing that it was defective or false.

(Syllabus by the court.)

APPEAL from District Court, Alturas County.

A. F. Montandon, *in propria persona.*

Jurisdiction must appear before presumption prevails in favor of it. (*Williamson v. Berry,* 8 How. 495; *Galpin v. Page,* 18 Wall. 350; *Pulaski Co. v. Stuart,* 28 Gratt. 879; Freeman on Judgments, sec. 123.) One who knowingly, upon false ground, sues out an attachment, though entitled to personal judgment, is not entitled to a judgment foreclosing the attachment if rights have intervened. (*Bateman v. Ramsey,* 74 Tex. 589, 12 S. W. 235; *Fox v. McKenzie,* 1 N. Dak. 298, 47 N. W. 386; *Clay v. Tapp,* 79 Ga. 596, 7 S. E. 256; *Ermeking v. Clay,* 79 Ga. 598, 7 S. E. 257; *Bailey v. Clay,* 79 Ga. 600, 7 S. E. 258.) The attachment being void, the sureties on the bond received no consideration, and are not estopped to defend. (*Spencer v. Vigneaux,* 20 Cal. 442; *Palmtag v. Doutrick,* 59 Cal. 154, 160, 43 Am. Rep. 245; *United States v. The Amistad,* 15 Pet. 518; *League v. De Young,* 11 How. 185; Freeman on Judgments, 3d ed., sec. 337.) Title to mortgaged property vests in the mortgagee, though possession is not changed, and cannot be attached in a suit against the mortgagor. (*Berson v. Nunan,* 63 Cal. 550; *Hackett v. Manlove,* 14 Cal. 85; *Moore v. Murdock,* 26 Cal. 527; *Heyland v. Badger,* 35 Cal. 404.) Levy under writ of attachment on property subject to chattel mortgage is obnoxious to collateral attack. (*Wells v. Sabelowitz,* 68 Iowa, 238, 26 N. W. 127.) If some of the issues are left unfound, a re-examination of such issues is necessary, and a motion for a new trial is proper. (*Knight v. Roche,* 56 Cal. 15; *Brown v. Burbank,* 59 Cal. 535.)

Selden B. Kingsbury, for Respondent.

The sureties on a bond cannot deny the recitals therein. (*Smith v. Fargo,* 57 Cal. 157; *McMillan v. Dana,* 18 Cal. 339; *Pierce v. Whiling,* 63 Cal. 538; *McCutcheon v. Weston,* 65 Cal. 37, 2 Pac. 727; *Goodhue v. King,* 55 Cal. 377.)

MORGAN, J.—John Murphy brought suit against Edwin S. Bartsch. To secure a lien upon property, the plaintiff therein procured an attachment, and levied upon the property of the defendant, Bartsch. To procure said attachment the plaintiff, Murphy, filed an affidavit, stating, among other things, "that the payment of the debt had not been secured by any mortgage lien or pledge on real or personal property." To release said attachment, the defendants in the present suit, A. F. Montandon and Ernest Cramer, on the tenth day of August, 1887, gave their bond in the sum of $1,250, conditioned to pay such judgment as the said Murphy should secure against said Bartsch. Upon giving this bond the attachment was released. In the trial of the principal cause, judgment was given for the plaintiff, Murphy, against the defendant, Bartsch, for the sum of $715 damages and $34.25 costs. Upon this judgment the sum of $379.75 was paid, leaving the sum of $412.40 still due. To recover this sum suit is brought upon the bond of Montandon and Cramer. Montandon only being served with process, judgment was rendered against him. Motion for new trial was made and overruled, and defendants appeal to this court.

On the trial of the principal cause the court made the following finding of fact, being the fourth: "That at the date of said note [being the note given by the defendant, Bartsch, to the plaintiff, Murphy] one T. B. Shaw was indebted to the defendant [Bartsch] on account for goods sold in the sum of $528.05, and, being so indebted, duly accepted an order drawn on him by the defendant [Bartsch] for the amount in favor of this plaintiff, and that the defendant, as collateral security, delivered the same to the plaintiff." This order was precisely the same as a draft drawn by Bartsch upon Shaw and accepted by him. It is a chose in action, an evidence of debt, and was, therefore, personal property, under section 16, subdivision 3 of the Revised Statutes of Idaho, and was a pledge of personal property to secure the debt of Murphy. This pledge being placed in the hands of Murphy, the presumption is that it still remained in his hands as such security at the time he filed his affidavit for the attachment. This presumption should have been overcome by the statement in his affi-

davit "that said security has, without any act of plaintiff, become valueless." Without such statement, the affidavit must, under the finding of the court, be held to have been false. Without an affidavit in accordance with the statute, the court was without jurisdiction to issue the writ. Taking the affidavit to be true, it gave the court jurisdiction to issue the writ, but the finding of the court shows the affidavit to be false. Can a false affidavit give the court jurisdiction? Falsehood or fraud vitiates everything founded upon it. The writ was therefore in fact unlawfully issued. In *Mathews v. Densmore,* 43 Mich. 461, 5 N. W. 669, the court says: "The first step in this jurisdiction is to show, not a writ merely, but a valid writ; and there can be no valid writ of attachment without a sufficient affidavit." We are aware that the supreme court of the United States reversed this case (109 U. S. 216, 3 Sup. Ct. Rep. 126), but that court simply held that a writ *prima facie* good, although issued upon an insufficient affidavit, would protect the officer in making a levy. The affidavit not being attached to the writ, the officer is not called upon to determine the validity of the same. This writ was procured by an insufficient affidavit or a false one. In either case it would be a perversion of justice to hold that the plaintiff could make two men responsible for a debt they did not owe, by either a false affidavit or an insufficient one, or that he could recover upon a bond which was given to procure the release of a writ which was illegally and wrongfully procured. The respondent cites, in support of his contention that the defendant cannot take advantage of this defective affidavit: *Smith v. Fargo,* 57 Cal. 157; *McMillan v. Dana,* 18 Cal. 339; *Pierce v. Whiting,* 63 Cal. 538. But these cases simply hold that the obligors in the bond cannot deny the recitals therein; that is, as in those cases, the defendants could not deny that the attachment was issued, that it was levied upon property of defendants, nor that the property was released, as these facts were all recited in the bond. The defendant in the case at bar is not seeking to deny any of these facts. These cases are therefore not in point. The issuance of the writ is authorized by the statute upon certain conditions. These conditions must be strictly complied with in order to give the court jurisdiction

to issue the writ. If the writ is executed, the execution cannot possibly validate the illegal issue by giving jurisdiction of such retroactive character as to cure all that went before it, and contributed to the wrongful result. (Waples on Attachment, 324.) The issuance of the attachment being illegal, the creditor acquired no rights under it, and the bond was without consideration. The affidavit in the original action for the attachment was offered in evidence by the defendant, and, upon objection, was ruled out, to which ruling the defendant duly excepted. The court having found as a fact in the original suit that the plaintiff held, as security for the debt, a pledge of personal property, both this finding and the affidavit were proper evidence for the court to consider, as the affidavit, and that alone, gave the court jurisdiction to issue the writ. The exclusion of the affidavit was therefore error. Judgment reversed, and new trial granted; costs awarded to defendant.

Huston, J., concurs.

Sullivan, C. J., did not sit in the hearing of this case.

### ON REHEARING.

MORGAN, J.—The plaintiff files motion for rehearing in this case, and cites, as an additional authority, *Harvey v. Foster,* 64 Cal. 296, 30 Pac. 849, in support of his contention that the obligors in the bond cannot be heard to plead that the attachment was issued upon a false or insufficient affidavit. In that case, however, there was no bond given for the release of the property from the lien of the attachment. The contention was between the attaching creditor and a mortgagee of the property levied on for the amount realized from the sale of the property in excess of the amount necessary to discharge the mortgage decree, the attaching creditor claiming it to satisfy his judgment, and the mortgagee, Kraft, claiming it to satisfy a promissory note which he held against the judgment debtor, defendant in the original suit. The cases are not parallel. There was no privity of interest between the attaching creditor and the mortgagee. The latter had no interest whatever in the original suit, and had no rights or obligations growing out of

said suit, nor out of any of the proceedings connected therewith. In the case at bar the liability of the defendants Montandon and Cramer grew out of and were dependent upon the issuing of the attachment, and the validity of the attachment depended upon the fact that a true and sufficient affidavit in conformity with the statute had been placed on file. The lien acquired by attachment is an extraordinary remedy, and dependent wholly upon the statute, and the statute must be strictly, or at least substantially, complied with. The defendants Montandon and Cramer were not parties to the original suit, and could not appear therein, and move for a dissolution of the attachment. They have had no day in court. An attachment issued upon a false or fatally defective affidavit stands in the same position as an attachment issued without any affidavit; and can it be successfully contended that a bond executed to release property from the lien of an attachment issued without affidavit, and therefore without any jurisdiction, is supported by a valuable consideration? If the defendants in this suit cannot go back of the naked bond, then they cannot show that their obligation is without any consideration; a position, it seems to us, contrary to the plainest principles of justice. The case of *Porter v. Pico,* 55 Cal. 173, is cited in *Harvey v. Foster, supra,* in which the court say: "Any irregularities in obtaining the attachment were waived by the defendant to the suit when he appeared and answered, without taking advantage of them, by motion or otherwise, in the course of the proceedings." Waived by the defendants in the original suit it may be, but these defendants were not parties to this waiver. The original defendant, Bartsch, owed the debt to Murphy. The method adopted for collecting was not so material to him. These defendants did not owe the debt. The consideration for their promise, if any existed, was the release of the lien of the attachment, which in this case was invalid. In the discussion of this subject in Wade on Attachment, section 190, the following cases are referred to:

*Barry v. Foyles,* 1 Pet. 315: In this case the court say: "After the defendant has appeared and [pleaded] answered, no reference can be made to the attachment proceedings, and the

cause stands in court as if no attachment had been issued."
This was not a suit upon the bond, and is therefore not in
point.

*Haggart v. Morgan,* 5 N. Y. 422, 55 Am. Dec. 350, and note:
In this case the defendant was on the bond with his sureties,
and the court held that when attachment was issued the defend-
ant had the opportunity of contesting all proceedings to procure
attachment. After answer, he could not question the regularity
of attachment proceedings.

In *Voorhees v. Bank,* 10 Pet. 473, land was sold and con-
veyed after judgment obtained by attachment proceedings.
The court holds: "When ejectment was brought upon this title,
the original judgment is conclusively presumed to be regular,
and cannot be questioned in this collateral proceeding." If
defendant in the original action neglects the method pointed
out by law to remedy errors (by appeal), he cannot do so in a
collateral proceeding. This case is not similar to the case at
bar.

Holding a contrary doctrine, we find, among others, the
following cases: In *Homan v. Brinckerhoff,* 1 Denio, 184, at-
tachment was issued upon giving a bond which in its conditions
was faulty, and did not comply with the statute. Attachment
was levied upon property. Bond was given to release the prop-
erty. Suit was brought upon the bond, judgment in original
suit being given, and not paid. Held, the justice, by reason of
defective bond, did not acquire jurisdiction to issue the attach-
ment. The court say: "The court obtained jurisdiction in the
attachment suit when the defendant Davis appeared and pleaded
to the declaration. Judgment was therefore valid. But that
will not aid the plaintiff. He did not hold the property under
the judgment, no execution having been levied upon it. Al-
though the plaintiff had got a valid judgment, he had no other
hold upon the property than such as the attachment gave him,
and that was utterly void for want of jurisdiction to issue it.".
In *Whiley v. Sherman,* 3 Denio, 185, the above case is com-
mented upon and approved as to above point; decision rendered

in July, 1846. In December, 1846, in *Kanouse v. Dormedy,* 3 Denio, 569, the same court (New York court of appeals), in suit brought upon a bond given to release property levied upon by attachment, the court pass upon the question as to validity of the bond. Affidavit for attachment was required to state nonresidence of defendant in attachment suit. Sureties on the bond appeared, and pleaded that defendant was a resident of the state of New York, and therefore that the affidavit for attachment was not true, and the attachment was issued without jurisdiction. The court, Walworth, C., held that the *onus* of proving that defendant was a resident of the state of New York when attachment was issued was upon the defendants, and not upon plaintiff, in effect holding that, if defendants had made this proof, the bond would have been without consideration and void. Wright, senator, in his opinion in the same case, says: "In order to obtain the attachment it was necessary for the plaintiff to prove before the officer to whom the application was addressed, affirmatively and distinctly: 1. That the debtor was a nonresident; 2. That the creditor was a resident, or, if he was a nonresident, that the demand arose upon a contract made within the state." And "suppose the attaching creditor should omit to state in his affidavit before the judge that his demand arose upon contract, judgment, or decree amounting to $100, does anyone believe that the proceedings under the attachment issued upon such an affidavit could be sustained for any purpose? The question of jurisdiction must always remain open to the debtor, and, if the officer had no jurisdiction, the whole proceeding was *coram non judice.* If it must always remain open, then it would be competent for the debtor to show upon the trial, as a defense to the bond, by evidence, that the creditor was not a resident of the state, and therefore that the bond and all other proceedings in the matter were void as to him." These cases are precisely similar to the case at bar, and hold squarely to the position taken in this case in the original opinion. We are aware that there are quite a variety of decisions in the several states upon this question, but we think this holding is more in consonance with the spirit of

justice, which should be the groundwork of all judicial proceedings. The appeal in this case was from the order denying the defendant a new trial. This court reverses that decision, and the order of the court should be and is that appellants have a new trial. With this change the rehearing is denied.

Sullivan, C. J., and Huston, J., concur.