(February 6, 1895.)

## MURPHY v. MONTANDON.

[39 Pac. 195.]

VERDICT—CONFLICT OF EVIDENCE.—Where there is a conflict of evidence in a trial before a jury the appellate court will not disturb the verdict.

(Syllabus by the court.)

APPEAL from District Court, Alturas County.

Vineyard & Williams, for Appellant.

The question of consideration for giving the bond cannot be inquired into in this action, this being a collateral attack. (1 Wade on Attachment, sec. 185; *Bildersee v. Aden,* 62 Barb. 175; *Lighth v. Benning,* 15 Nev. 389; *Edwards v. Pomeroy,* 8 Colo. 255, 6 Pac. 829.) Cannot deny that the attachment issued, etc. (*Crisman v. Matthews,* 2 Ill. 151, 26 Am. Dec. 47; *McMullan v. Dana,* 18 Cal. 339; *Smith v. Fargo,* 57 Cal. 157; 1 Wade on Attachment, sec. 197.) Take the proposition upon which the defense is based: That the original affidavit, upon which the writ of attachment is based is false, in this, that the note sued on was then and there secured by a pledge of personal property to an amount over and above the amount stated

in the said promissory note.    Upon what fact does the pleader draw the conclusion that it was "to an amount over and above the amount stated in the said promissory note," without the fact as to the value of the property pledged being stated in the pleading?    (*City of Buffalo v. Holloway,* 7 N. Y. 493, 57 Am. Dec. 550; *Adams v. Holley,* 12 How. Pr. 326; *Liman v. Lincoln.* 2 Duer, 670; Bliss on Code Pleading, sec. 212.)    Even if the bond had been to release property that had been attached, still we contend that defects in an affidavit can only be taken advantage of by appeal, or by some other direct proceeding and cannot be urged to impeach the judgment collaterally.    (*Pennoyer v. Neff,* 95 U. S. 72; *Barry v. Foyles,* 1 Pet. 316.) The giving of the bond operates as a waiver of defects in the attachment.    (*Haggart v. Morgan,* 5 N. Y. 442, 55 Am. Dec. 350; *Garmon v. Barringer,* 2 Dev. & B. (N. C.) 503; *Pacific Nat. Bank. v. Mixter,* 124 U. S. 571, 8 Sup. Ct. Rep. 718; *Wheeler v. Fanner,* 38 Cal. 215; *Blaiden v. Mercer,* 44 Ohio St. 343-346, 7 N. E. 155.)

A. F. Montandon and F. E. Ensign, for Respondent.

This cause was retried on reversal, and resulted in a verdict for respondent.    The complaint is directed against sureties, and based on a bond to release an attachment.    To which complaint defendant Montandon interposed answer, alleging want of consideration because the court issuing the writ had not obtained jurisdiction therefor, on the ground that the affidavit whereon it was issued was not true.    A decision of a court of last resort in a given case upon the same facts becomes the law of the case, and is controlling upon all subsequent proceedings therein, even though erroneous.    (*Dewey v. Gray,* 2 Cal. 374, 377; *Davidson v. Dallas,* 15 Cal. 76, 80-84; *Lucas v. City of San Francisco,* 28 Cal. 591, 594, 595; *Jaffe v. Kay,* 48 Cal. 540; *Heinlein v. Martin,* 59 Cal. 181, 183; *Taylor v. McLain,* 64 Cal. 513, 2 Pac. 399; *Reed v. Ring,* 93 Cal. 96, 28 Pac. 851-853; *Kane v. Rippey,* 22 Or. 299, 29 Pac. 1005, 1006; *Lindsay v. People,* 1 Idaho, 438, 443, 444; *Palmer v. Utah etc. Ry. Co.,* 2 Idaho, 283, 16 Pac. 553; *Murphy v. Montandon,* 3 Idaho, 325, 35 Am. St. Rep. 279, 29 Pac. 851.)

HUSTON, J.—This case was first before us on an appeal from judgment and order refusing new trial. (See *Murphy v. Montandon,* 3 Idaho, 325, 35 Am. St. Rep. 279, 29 Pac. 851.) Upon that appeal the order and judgment of the district court were reversed, and the cause remanded for a new trial. Upon the second trial, verdict and judgment were rendered in favor of the defendant, from which, and from the order refusing a new trial, the present appeal is taken. The action was brought upon a release bond in attachment. The defense was that the attachment was issued upon a false affidavit, in that it appeared that, at the time the affidavit was made and filed and the attachment issued, the plaintiff had in his possession, as a pledge or security for the payment of the note sued upon, a certain check or order upon one T. B. Shaw, for an amount equal, at least, to the sum sued for, which had been given the plaintiff by the defendant in the attachment suit at or about the time of executing the note sued on, and received by the plaintiff as security for said note; and therefore the statutory statement, in the affidavit of the plaintiff in the attachment suit, that the payment of the sum sued for had been secured by any mortgage or lien upon real or personal property, or any pledge of personal property, was not true, and, this fact appearing by the record, this court held that the attachment was void. (*Murphy v. Montandon, supra.*) The only material difference, if it is material, which we find in the record in this case from that before presented, is in the introduction in evidence by the plaintiff of the judgment-roll in the original attachment suit.

The contention of the appellant is predicated largely upon alleged errors in the rulings of the court upon the pleadings, and errors in the findings of the court in that action. We cannot review that record for the purpose of considering any alleged errors therein. It is not here for any such purpose, nor can it be made to serve any such end. While the record shows some conflict in the evidence, the jury having passed upon it, in recognition of a well-established principle, this court will not, where the evidence is conflicting, disturb the verdict. We think the demurrer to the amended answer was properly over-

ruled.  The judgment of the district court is affirmed, with costs.

Morgan, C. J., and Sullivan, J., concur.