Bronson, J.
By the Court, On the doctrine of the case of Nevins v. Keeler, 6 Johns. R. 63, the defendant, instead of pleading that the several closes mentioned in the declaration are one and the same and not other or different, should either have justified as to all the closes, or have pleaded not guilty as to all but one close, and justified his entry as to that. This case seems to have been overlooked in Case v. Boughton, 11 Wendell, 106. Mr. Chitty thinks it questionable whether the mode of pleading which the defendant has adopted can, in strictness, be supported ; but he says it may be advisable to risk it, in order to save expense, where it is certain that the different counts are for the same trespass. 1 Chit. Pl. 533, 4, Phila. 1819. If the plain-' tiff do not obtain leave to reply double, this mode of pleading drives him to the necessity of either abandoning all but one trespass, or of risking his success upon the allegation that there were two or more. He could not in one *488 replication take issue on the averment that the trespasses are one and the same, and also answer the matter of justification set up in the pleas. Should he take issue on the allegation that the trespasses are one and the same, that would, in effect, be an admission that the defendant entered as sheriff under a writ of fieri facias, or a warrant to distrain for rent in arrear, and the plaintiff must then stake his success on proving that there was more than one entry. And on the other hand, should he answer the matter of justification, that would, in effect, be an admission that there was but one trespass, and he would not be at liberty to prove more than one on the trial.
These pleas, as was well remarked in Nevins v. Keeler, tender an immaterial issue. If the plaintiff answers the averment that the tres- [ *489 ] passes are one and the same, the parties *will go down to trial upon a question which may be found either the one way or the other without touching the real merits of the controversy. The verdict may be for the plaintiff when the defendant has a good justification, or it may be for the defendant although he is a wrongdoer.
There is no hardship upon the defendant in refusing to sanction this mode of pleading. He can answer separately each count, or as many counts as he supposes the plaintiff will be able to support by proof, and plead not guilty as to the residue. If, as he alleges, there was in truth but one trespass, he has no occasion for more than one special plea of justification. If he succeed upon that, and it is broad enough to cover the trespass actually committed, the plaintiff must fail, whatever may be the number of counts in the declaration. I think we ought not to depart from the rule laid down in Kevins v. Keeler, and the pleas are therefore bad.
Both of the pleas are bad on another ground. They commence and conclude in bar of the whole action — professing to answer the whole, and yet they only answer a part. They only go to the taking and converting of a part of the goods and chattels mentioned in the declaration — some of the articles being wholly omitted in the pleas. And besides, they give no answer whatever to the charge in the third and fourth counts of ejecting and expelling the plaintiff, and keeping him out of possession. 2 Wendell, 419. 13 id. 78. 15 id. 464. 17 id. 188. It is impossible to uphold a plea which does not answer all that it assumes to answer.
Judgment for plaintiff.