53 545
57 450

In the Matter of the Application of GEORGE H. STONE-BRIDGE, Jr., as Receiver of the New York Book Company.

*Attachment pursuant to section 12, title 1, chapter 5, part 2 of the Revised Statutes — not issued upon an affidavit whose allegations rest simply upon information and belief.*

Upon an appeal from an order denying a motion to vacate a warrant for the examination of John B. Alden in relation to the property of the New York Book Company, it appeared that the warrant, to vacate which the motion was made, was issued pursuant to the provisions of section 12, title 1, chapter 5, part 2 of the Revised Statutes, which provides that "whenever the trustees shall show, by their own oath or other competent proof, to the satisfaction of any officer named in the first section of the seventh article in this title, or of any judge of a County Court, that there is good reason to believe that the debtor, his wife, or any other person has concealed or embezzled any part of the estate, * * * such officer or judge shall issue a warrant commanding any sheriff or constable to cause such debtor, his wife or any other person, to be brought before him at such a time and place as he shall appoint for the purpose of being examined."

In this case a warrant was issued upon a petition showing that the petitioner was the receiver of the New York Book Company, and alleging that one John B. Alden had in his possession certain property of the petitioner as receiver of said book company and also stating various other matters, all simply upon information and belief, with no statement whatever as to what were the sources of the information of the affiant or the grounds of his belief.

*Held*, that, as the issuing of this warrant was a preliminary condemnation of the defendant, of the commission of a crime, viz., that of embezzlement or of concealing property of others, that warrants of this description should not be issued except upon evidence which ought to satisfy the court of the existence

of facts necessary to authorize the issuing of the warrant, and that an affidavit upon information and belief simply was evidence of nothing; that the order appealed from should be reversed. (DANIELS, J., dissenting.)

APPEAL from an order made at a Special Term held in the county of New York, which was entered in the office of the clerk of the county of New York on April 25, 1889, denying a motion of John B. Alden to vacate and set aside a warrant for his examination in relation to the property of the New York Book Company, which was issued upon the application of George H. Stonebridge, Jr., who was a permanent receiver of the said New York Book Company.

*James B. Dill,* for the appellant.

*Charles E. Hughes,* for the respondent.

VAN BRUNT, P. J.:

The warrant to vacate which the motion was made was issued pursuant to the provisions of section 12, part 2, title 1, chapter 5 of the Revised Statutes, which provides that whenever the trustees shall show, by their own oath or other competent proof, to the satisfaction of any officer named in the first section of the seventh article of this title, or of any judge of a County Court, that there is a good reason to believe that the debtor, his wife, or any other person has concealed or embezzled any part of the estate, etc., such officer or judge shall issue a warrant commanding any sheriff or constable to cause such debtor, his wife, or any other person, to be brought before him at such time and place as he shall appoint for the purpose of being examined.

In the case at bar a warrant was issued upon a petition showing that such petitioner was the receiver of the New York Book Company, and alleges, simply upon information and belief, that one John B. Alden has in his possession certain property of your petitioner, as receiver of said book company, and various other allegations, all upon information and belief, with no statement whatever as to what were the sources of the information of the affiant or the grounds of his belief. I do not think that any officer or judge should be satisfied upon such an allegation that any person has been guilty of concealment or embezzlement; and in order to justify him in issuing the warrant he must be satisfied of these facts. There is nothing upon which he can judicially act except the statement of

the affiant, and he has no personal knowledge of the facts, and does not pretend to have, and he makes allegation entirely upon information and belief without giving the court an opportunity to know whether he had any information at all, or any grounds for his belief. And although, in certain cases, it has been held by the Court of Appeals that under similar circumstances the judge or officer acquired jurisdiction to act, yet still they have never held, as yet, that where he has refused to act upon such an utter want of evidence, such refusal was erroneous. And in the case of *Tim* v. *Smith* (93 N. Y., 87), it has laid down the rule that the court must be informed upon what the belief of the affiant is based in order that it may judge of the evidence which is produced before it; and certainly a remedy of so harsh a character should not be lightly issued against any citizen.

If an allegation, simply upon information and belief, is to move the court to act, then it was useless to make it necessary for any application to the court. The party seeking the relief might just as well have had the right to issue the warrant without the intervention of any officer or court, because it is his determination, as to whether from the information he has received or the belief which he has formed, he is entitled to the warrant or not. He has not deigned to inform the court what information he has, or what are the grounds of his belief, and the court is to act entirely upon his judgment as to whether the information he has obtained justified his belief. The very issuing of this warrant is a preliminary condemnation of the defendant that he has committed a crime, viz., that of embezzlement or of concealment of the property of others. Warrants of that description should not be issued except upon evidence which ought to satisfy the court of the existence of the facts necessary to authorize the issuing of the warrant, and an affidavit upon information and belief simply is evidence of nothing.

The order appealed from should be reversed, with ten dollars costs and disbursements.

BRADY, J., concurred.

DANIELS, J. (dissenting):

The warrant which the appellant John B. Alden moved to vacate and set aside was issued against him on the petition and application

of the receiver of the New York Book Company, who was appointed in an action of George Langdon against the company. It was issued upon the ground that the receiver had become possessed of the powers and authority conferred by law upon trustees to whom an assignment of the estate of an insolvent debtor might have been made, under the provisions of chapter 5 of the second part of the Revised Statutes. These provisions required the trustees, before proceeding to the discharge of any of their duties, to take and subscribe an oath that they would well and truly execute the trust by their appointment reposed in them, according to the best of their skill and understandiug. The statute defining the duties and authority of such trustees further provided that whenever they should show by their own oath, or other competent proof, to the satisfaction of any officer named in the first section of the seventh article of the title, or of any judge of a County Court, that there was good reason to believe that the debtor, or his wife, or any other person, had concealed, or embezzled, any part of the estate of the debtor vested in the trustees, or that any person could testify concerning the concealment or embezzlement thereof, or that any person that should not have rendered an account, as previously required, was indebted to such debtor, or had property in his custody or possession belonging to the debtor, the officer should issue a warrant commanding any sheriff or constable to cause the debtor, his wife or other person, to be brought before him, at such time and place as he should appoint, for the purpose of being examined. The statute then provided for the examination of the person brought before the officer on oath touching all matters relative to the debtor, his dealings and estate, the detention or concealment of any part of his property, and the indebtedness of any person to him, which examination has been required to be reduced to writing and signed by the person so examined. The statute further provided for the commitment of the person brought before the officer in case of his refusal satisfactorily to answer any lawful question put to him or to sign the examination when there was no reasonable objection thereto. And it was further directed that he should not be discharged on *habeas corpus* by reason of any insufficiency in the form of the warrant of commitment. (3 R. S. [6th ed.], 36, § 7; Id., 38, §§ 14–18.)

These provisions of the statute have been made the subject of

objection by the appellant as being in conflict with certain provisions contained in the Constitution of the State. But as they in no manner provide for any adjudication adversely to the person required to be examined, or in any way affect his rights, but provide solely for the discovery of the existence of what may be claimed to be the property of the debtor, they do not appear to conflict with either of the constitutional provisions referred to in the argument of the appellant. This subject was considered in *Noble* v. *Halliday* (1 Comst., 330), and the provisions were considered by the court entitled to be sustained and enforced whenever a proper application might be made for that object. And quite similar provisions, declaratory of the power and authority of the Surrogates' Courts, were sustained by the decision made in *Matter of Curry* (25 Hun, 321).

The petition, as to most of the material facts, was made upon the information and belief of the receiver. But that fact, under the peculiar frame and language of the statute authorizing its presentment for the warrant, was held not to be a fatal defect in the proceeding in the case of *Noble* v. *Halliday* (*supra*). The section of the statute, under which the warrant may be issued, is peculiar in this respect, providing for means of supplying the applicant with that knowledge concerning the assets and effects of the debtor or corporation as might not otherwise be obtained by him. If he had such knowledge as would justify a positive affirmation of the facts, then the examination of the party to be brought before the officer would be unnecessary. It is when the applicant has attained no such knowledge that the proceeding may be taken for the examination of the party or person from whom knowledge is expected to be derived. And, under the circumstances contemplated and provided for, the applicant may apply for the warrant, upon his information and belief, although such a statement would not be sufficient to support other legal proceedings. Under these statutes that has been considered to be all that may be required, and their provisions were complied with, in this respect, by this petition.

A further objection has been taken that it has not been stated in the petition that the receiver had taken the oath required by the provision of the statute which has been previously mentioned. But the petition contains the statement that the petitioner had been appointed a temporary receiver in the action mentioned in it, and,

by the decree entered in the action, he had been continued as a permanent receiver of the company, with the usual powers and duties, and that he had qualified as such receiver and entered upon his duties as such. And under what was said in the decision of *Hoag* v. *Hoag* (35 N. Y., 469, 475), this was sufficient to maintain the conclusion that he had, in fact, taken the oath.

It has also been objected that the receiver is not stated to have published the notice required by the statute to be given by trustees immediately upon their appointment. But the petition does state in positive terms that this notice had been published, and that it required all persons indebted to the company to render an account to the receiver at a time, or before a time, and at a place, mentioned in the notice, of all debts and sums of money owing by them, respectively, and to pay the same, and all persons having in their possession any property of the corporation to deliver the same to him within the same time and at the same place specially mentioned; and further stating that the notice contained all other matters required by law. What has been specially stated to be contained in it was a substantial compliance with the statute directing the form of the notice to be published. (3 R. S. [6th ed.], 37, § 10.) In addition to that, the authority of the receiver to apply for the warrant has not been made dependent upon the publication of this notice. But that is permitted to be made whenever he should show, by his own oath or other competent proof, the facts mentioned in the statute of which this notice has not been made to form a part.

The power given to the receiver to apply for the warrant, and secure thereby the examination of the person to be brought before the officer, has been restricted by section 1788 of the Code of Civil Procedure to receivers appointed under the article containing it, and by so much of title 4, article 3, chapter 8 of part 3 of the Revised Statutes, as still continues in force, to proceedings for the voluntary dissolution of corporations. These preceding provisions contained in the Revised Statutes have been rendered applicable to receivers appointed in proceedings taken under title 11, chapter 17 of the Code of Civil Procedure for the voluntary dissolution of a corporation, by subdivision 5 of division 3 of section 1 of chapter 245 of the Laws of 1880. And it is to be presumed from the facts stated in the petition, although that has not been directly

or positively averred, that this receiver was appointed either in such a proceeding or under the authority contained in article 3, title 2, chapter 15 of the Code of Civil Procedure. For under no other appointment than one made by virtue of these provisions, at the suit of an individual, would the receiver be authorized to interfere with or obtain the control or management of the assets and property of the corporation. And the proceedings taken by the petitioner have been directed to obtaining the possession or securing the discovery of the property of the company. And his right so to proceed has in no other manner been questioned than by objections taken to the petition and affidavit on which the warrant has been issued. And the omission to deny the truth of either of the facts mentioned in the petition to support the application of the receiver very directly tends to confirm the accuracy with which they have been stated. It may very well be conceded that the petition has been defectively and carelessly drawn. But that concession of itself did not entitle the person proceeded against to an order setting aside or discharging the warrant, as long as so much was contained in the petition as enabled the officer to whom the application was made, as well as this court, to see that the appointment had probably been made under the authority of one or the other of these statutory provisions. In drawing an important paper of this description, care should always be taken to present the case distinctly and clearly. For where a statute has provided such a remedy, the proof made in support of the application must bring it within the provisions of the law. (*Gilbert* v. *Columbia Turnpike Co.*, 3 Johns. Cas., 107; *Ex parte Heath*, 3 Hill, 43, 47; *Matter of Pyrolusite Manganese Co.*, 29 Hun, 429; *Matter of Townshend*, 6 N. Y. Supr. Ct. [T. & C.], 227; *Matter of N. Y. City and N. R. R. Co.*, 110 N. Y., 374, 379.) And this general rule is to be considered as still continuing in force, notwithstanding what has been said in the exceptional case of *Central Trust Company* v. *New York City and N. Railroad Company* (110 N. Y., 250). But while it has not been complied with as clearly as that should have been done, sufficient facts do appear, argumentatively, from the petition to entitle this order to be supported and maintained.

The statute creating the authority to issue the warrant provided that it might be issued by an officer named in the first section of the seventh

article of title 1, chapter 5, part 2 of the Revised Statutes, and that included justices of the Supreme Court. (3 R. S. [6th ed.], 38, § 14; id. 28, § 1.) But by section 1 of chapter 245 of the Laws of 1880, all of title 1, chapter 5 of part 2 of the Revised Statutes was declared to be repealed except article eighth thereof. And it was the first section of this title that empowered justices of the Supreme Court to act in this proceeding. But this repeal has been so far qualified by subdivision 13 of section 3 of the act of 1880 as still to continue the preceding law in force so far as to authorize a justice of the Supreme Court to issue this warrant. For by this subdivision it has been declared that where a provision of the existing laws is referred to in any other provision of the existing laws remaining in force after this act takes effect, it, nevertheless, remains in force for the purpose for which it is so referred to, although repealed, in terms, by a provision of this act of 1880. So much of the statute as provided for the issuing of the warrant, to this extent, therefore, still remained in force. For this repeal was so far qualified in this manner as still to allow the repealed law to be consulted to ascertain and determine the officers by whom the warrant might be issued. And by that reference a justice of the Supreme Court has been clearly included, and the warrant accordingly was regularly issued by him. Some further objections have been taken by the counsel for the appellant to this proceeding, but they rest upon no substantial foundation. The petition, while formally defective, was not so much so as to require the proceeding to be dismissed under the rule sustained by the authorities requiring all the facts to be stated which are contemplated by the statute to entitle the applicant to the warrant. The order should, accordingly, be affirmed, but the manner in which the petition has been drawn should not be rewarded by the allowance of costs.

Order reversed. with ten dollars costs and disbursements.