## *In re* VANAMEE.

*(Supreme Court, General Term, Second Department.* December 20, 1889.)

1. ARREST IN CIVIL CASES—NOTICE TO ATTORNEY GENERAL—CORPORATIONS.
   Under Laws N. Y. 1883, c. 378, providing that a copy of any application to the court, though *ex parte*, in any proceeding for the dissolution of a corporation, shall be served on the attorney general, as provided by law for the service of papers on attorneys who have appeared, a copy of an application by the receiver of a corporation for a warrant of arrest against a person under Rev. St. N. Y. (8th Ed.) p. 2528, § 12, for concealment and embezzlement of the property of the corporation, must be served on the attorney general.

2. SAME—AFFIDAVIT.
   Rev. St. N. Y. (8th Ed.) p. 2528, § 12, provides that before a warrant of arrest shall issue, on application of the trustee of a debtor, against any person, for concealment and embezzlement of the property of the debtor, vested in the trustee, it must be shown by the oath of the trustee, or other competent proof, that there is good reason to believe that such person has concealed and embezzled the property. *Held*, that information and belief are not competent proof, and the sworn petition of the receiver of a corporation for such a warrant is insufficient if it states that the sources of information, on which the application is based, are merely affidavits made by the person whose arrest is sought, an examination of certain other writings signed by him, and an inspection of an inventory of the corporation.

Appeal from special term, Kings county.

Application of William Vanamee, as receiver of the Warwick Machine Company, a corporation, for a warrant against William T. Baird for concealment and embezzlement of the property of said corporation, under Rev. St. N. Y. (8th Ed.) p. 2528, § 12. The petition alleges that the petitioner was appointed and duly qualified as receiver of the Warwick Machine Company, a corporation, etc., and that he has published the notice required by law, warning all persons having in their possession property of the corporation to deliver the same to him, etc.; that William T. Baird has not rendered an account as required by said notice; that he is indebted to petitioner as receiver, and has property in his possession belonging to said corporation; that "there is good reason to believe that said William T. Baird has in his possession certain property belonging to the deponent as receiver of the said Warwick Machine Company, to-wit, a certain truck and ladder * * * and that the said William T. Baird is indebted to the deponent as such receiver, and that certain other property of said corporation has been concealed by certain persons, and that the said William T. Baird can testify as to such concealment. As to the foregoing allegations, * * * the sources of deponent's information, and the grounds of his belief as to the same, are an examination of certain affidavits made by the said William T. Baird, and also an ex-

amination of certain papers and other writings signed by him, together with an inventory of the company, showing that the truck and ladder were included among the property of the company, and also an affidavit of one F. B. Sanford, heretofore made in an action. * * *" The application was denied on the ground that no notice thereof was given to the attorney general, under Laws N. Y. 1883, c. 378, relating to receivers of corporations, and providing that "a copy of all motions and all motion papers, and a copy of any other application to the court * * * in every action or proceeding * * * for the dissolution of a corporation or a distribution of its assets * * * shall in all cases be served on the attorney general, in the same manner as provided by law for the service of papers on attorneys who have appeared in actions, whether the applications, but for this law, would be *ex parte* or upon notice; * * * and any order or judgment granted * * * without such service of such papers upon the attorney general shall be void. * * *" The receiver appeals from the order denying his application.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Agar, Ely & Fulton,* for appellant. *Willard N. Baylis,* for respondent.

BARNARD, P. J. Notice to the attorney general was necessary under chapter 378, Laws 1883. The act is very broad in its language. The attorney general is to be treated as an attorney who had appeared in the action, and even in *ex parte* application. The act embraces an action pending for dissolution of corporations and for distribution of assets, and all proceedings in such actions. This is such an action.

The petition itself is insufficient. No facts are stated as a basis for the arrest of Baird. Assuming the regularity of the appointment of the receiver, and that he has the power of trustee of insolvent debtors under the Revised Statutes,[1] the affidavit must show that "there is good reason to believe that the debtor, his wife, or any other person, has concealed or embezzled any part of the estate of such debtor vested in said trustees; or that any person can testify concerning the concealment or embezzlement thereof; or that any person who shall not have rendered an account as above required is indebted to such debtor, or has property in his custody or possession belonging to such debtor." The petition states that one Baird, who has not rendered an account, is indebted to the receiver, and has property in his custody or possession belonging to the insolvent corporation; that there is good reason to believe that Baird has a truck and ladder belonging to the same company; and that the said Baird owes the company; and that certain other property has been concealed which Baird can testify about; and that the sources of the receiver's information are certain affidavits made by Baird, and an examination of certain other writings signed by him, and an inspection of the inventory of the company. The sufficiency of affidavits to justify an arrest under the non-imprisonment act was a subject much discussed while that act was in force. The charge was to be established by satisfactory evidence. *Vredenburgh* v. *Hendricks,* 17 Barb. 179. Information and belief are not proof. *Broadhead* v. *McConnell,* 3 Barb. 175; *Blason* v. *Bruno,* 33 Barb. 520. The wording of the non-imprisonment act is not materially different from this act, in respect to trustees for insolvent debtors. One requires sufficient evidence to justify an arrest. This trustee is required to furnish "competent proof" that there is good reason to believe. The court, on these papers, cannot find such competent proof, either that Baird has property, owes a debt, or can testify concerning an embezzlement, or that he has any property in his possession belonging to the debtor. Order affirmed, with costs and disbursements.

---

[1] Rev. St. N. Y. (8th Ed.) p. 2528, § 12, requires that it shall be shown by the oath of the trustees, or other competent proof, that there is reason to believe, etc.