---

IN THE MATTER OF THE APPLICATION OF GEORGE H. STONE-BRIDGE, JR., AS RECEIVER OF THE NEW YORK BOOK COMPANY.

*Receiver of a corporation — a warrant against one having property of the corporation must be applied for on notice to the attorney-general — such party is not bound to account until the first publication of notice of the appointment of a receiver — what notice insufficient.*

An application for a warrant by the receiver of a corporation, acting under the Revised Statutes (4 R. S. [8th ed.], 2524–2534 and 2682, § 72), must be made upon notice to the attorney-general as prescribed by chapter 378 of the Laws of 1883. (BARRETT, J., dissenting.)

A person having in his possession property of the corporation for which a receiver has been appointed, is not bound to account and answer for the amount of the debt, or the value of such property, to the receiver of the corporation, until after the first publication of the notice of the appointment of the receiver, as provided by section 70 of 2 Revised Statutes, 469. (BARRETT, J., dissenting.)

A notice which does not state who has been appointed receiver, or to whom the property is to be delivered, is not a compliance with said section.

APPEAL by John B. Alden from an order made at a Special Term of the Supreme Court held in and for New York county, on the 21st day of November, 1889, and entered on the same day in the office of the clerk of said county, denying the motion of said Alden to vacate and set aside a warrant issued for his apprehension and examination on the application of the New York Book Company, and from each and every part thereof, except that the appellant did not bring up

for review so much of the said order as granted him a stay pending his appeal therefrom to the General Term.

*James B. Dill*, for the appellant Alden.

*Charles E. Hughes*, for the receiver, respondent.

BARTLETT, J. :

The warrant against the appellant was issued at the instance of George H. Stonebridge, Jr., receiver of the New York Book Company, assuming to act under certain provisions of the Revised Statutes relating to trustees of insolvent debtors, which provisions are, by law, made applicable to receivers of corporations. (4 R. S. [Bank's 8th ed.], pp. 2524-2534, and p. 2682, § 72.) No notice of the application for the warrant was given to the attorney-general. This is the first point made in the brief of the appellant and it is fatal. The precise question has been determined by the Court of Appeals in a case where an application was made to me for a warrant of this kind at the Kings County Special Term in November, 1889. The application was denied on the sole ground that no notice thereof had been given to the attorney-general as prescribed by the Haggerty act. (Laws of 1883, chap. 378.) The order refusing the warrant was affirmed by the General Term on this and other grounds, but was sustained in the Court of Appeals on the ground alone that the attorney-general should have had notice of the application, without considering the other questions discussed by the General Term. (*In re Van Namee*, 23 N. E. Rep., 1149.)

The decision mentioned is conclusive against the position of the respondent and renders it necessary to reverse the order appealed from, irrespective of the other interesting points presented by the appeal.

VAN BRUNT, P. J. :

The respondent in this action, on the 12th of February, 1889, was appointed receiver of the New York Book Company in proceedings taken to procure the sequestration of the property of said corporation for the purpose of paying the debts thereof. The said receiver qualified and published a notice requiring all persons indebted to the said corporation, or having the property of said corporation in their possession, to pay such debts or sums of money or to deliver the

same to him at his office. This notice was not signed by the receiver, nor did it contain the name of the receiver in any part thereof, and it was impossible to determine from the notice who had issued the same.

It being claimed upon the part of the receiver that the appellant Alden had certain property of the corporation in question in his possession, an application setting up these facts was made to the court for a warrant against the said appellant that he might be brought before the court for the purpose of being examined pursuant to the statute in such case made and provided. This warrant was granted, and a motion having been made to set the same aside upon various grounds, that motion was denied, and from the order denying the same this appeal is taken.

In the foregoing statement of facts it has not been deemed necessary to state all the proceedings which have been taken in reference to the appointment of the receiver, nor to make particular reference to the papers upon which the warrant in question was granted, except so far as it sets forth the point upon which this appeal may be determined.

By the provisions of the Revised Statutes under which the proceedings in question were initiated (2 R. S., 469, § 70), it is provided that the receivers, immediately on their appointment, shall give notice thereof, which shall contain the same matters required by law in notices of trustees of insolvent debtors. By section 72 it is provided that, after the first publication of the notice of the appointment of receivers, every person having possession of any property belonging to such corporation, and every person indebted to such corporation, shall account and answer for the amount of such debt and the value of such property to the said receiver. The section further provides that all the provisions of law in respect to trustees of insolvent debtors, the collection and preservation of the property of said debtor, the concealment and discovery thereof, and the enforcement of such discovery shall be applicable to the receivers so appointed, and to the property of such corporation.

It will be seen by the provisions of this section that it is not until after the first publication of the notice of the appointment of the receiver as provided by section 70 that it becomes obligatory upon the person indebted to the corporation to account and answer for the amount of such debt and the value of such property to the receiver.

In the case at bar, although an attempt to publish the notice required by section 70 is made, yet it contains no notice as to who has been appointed receiver nor to whom the property is to be delivered. Therefore, the obligation created by section 72 did not spring into existence, as it is only after the publication of the notice of the appointment of the receiver, as already stated, that the duty to account and answer for debts due to the corporation and property belonging to the corporation arises.

It is urged, upon the part of the respondent, that the publication of the statutory notice to creditors and debtors of the corporation was not a condition precedent to the receiver's application for the warrant, because personal demand had been made upon Alden for the delivery of the property of the company before the application was made.

It may be said, in answer to these suggestions, that where the statute provides one proceeding for putting a party in default, provides for a particular way of giving notice, a notice given in another way, although equally effectual, cannot establish such default. As already seen, the language of section 72 is explicit — after the first publication of the notice of the appointment of the receiver, then the duty to deliver the property shall arise, and there is no provision whatever that it shall arise before.

It is true that section 12 (2 R. S., p. 43) relating to the powers, duties and obligations of trustees and assignees, provides that whenever the trustees shall show, by their own oath or other competent proof, that there is good reason to believe that the debtor, his wife or any other person has concealed or embezzled any part of the estate of such debtor vested in said trustees, or that any person can testify concerning the concealment and embezzlement thereof, a warrant may be issued commanding the sheriff to cause such person to be brought before the court for the purpose of being examined.

But this provision is to be read in connection with the provisions of section 72 upon which it is engrafted by the latter part of this section. It certainly was not intended that before the duty of delivering over the debts and property of the company, by reason of the publication of the notice, this provision in regard to examination should go into effect, because, under that very provision of the statute, until that notice was given the alleged debtor was not in default.

We think, therefore, that the necessary preliminary to the initiation of these proceedings was the putting of the debtor in default by the publication of the proper notice of the appointment of the receiver in order that the debtor might deliver over the property.

It appears clearly from the record in this case that no such notice was given. The appellant was not put in default by the demand, because that was not the method provided by the statute for putting him in default; and not being in default in respect to delivery of this property, it is difficult to see how the court was justified in issuing the warrant for his examination.

The other points raised upon this appeal do not appear to be necessary to be considered, as the one suggested seems to be fatal.

The order should be reversed, with ten dollars costs and disbursements.

BARRETT, J. (dissenting):

The point that the receiver cannot apply for this warrant until after the first publication of the notice of his appointment (as required by 2 R. S., 469, § 70), is not, in my judgment, well taken. Under the Revised Statutes (Id., § 67) a receiver, appointed upon the voluntary dissolution of a corporation, became vested with its property from the time when his bond was filed. His right thereafter to sue for and recover such property, without regard to the notice, was specially recognized. It is true that section 72 provides that debtors shall account to the receivers "after the first publication of the notice;" but the same section applies to the receivership all the provisions of law in respect to trustees of insolvent debtors, and the collection and preservation of the property of such debtors. One of the latter provisions is that, "notwithstanding any such notice, the trustees may sue for and recover any property or effects of the debtor, and any debts due to him at any time before the day appointed for the delivery or payment thereof." (2 R. S., 43, § 10.)

This is in pari materia with the provision as to the vesting of the property and assets of the corporation in the receiver from the time of the filing of his bond. It also enforces the statutory declaration that from the same time the receivers are "trustees of such

estate for the benefit of the creditors of such corporation and of its stockholders." And it is not inconsistent with the requirement that the debtors shall account "after the first publication of the notice." This latter provision does not qualify the receiver's right to sue. The intention plainly was to prescribe a period after which the debtor could not plead payment to the corporation or its officers in ignorance of the receiver's appointment.

But, further, the provision as to the publication of notice is not jurisdictional. The object is to give the best practical notice, but *notice* is the essential thing. Personal notice is not required because of the probability that the creditors and debtors are numerous. The form prescribed is the statutory substitute for actual notice. If, however, personal notice is given to every debtor or creditor, and that can be made to appear conclusively as matter of fact, what good reason can there be for delaying the execution of the receiver's trust? It certainly seems unreasonable to permit a debtor who has had actual notice, and who has, in fact, paid the receiver a part of his debt, to throw this representative of the creditors out of court upon the trivial technicality in question, when that officer seeks to recover the balance of the debt. The present case is quite analogous to this illustration, for it appears that Mr. Alden not only had due personal notice of the receiver's appointment, but that he actually delivered up to that officer the books of account of the corporation, and then informed him that there were no other assets. There is still another answer to this objection, and that is, that the object of the proceeding is not the collection of a debt or the delivery of property, but simply the procurement of testimony. Thus the statement in the petition as to notice was superfluous. For even if such notice was a prerequisite to proceedings to compel the delivery of property or the payment of a debt, there is no suggestion or implication in the statute of its being a prerequisite to the mere discovery of such property or debt. And certainly it is the bounden duty of the receiver to put himself in a position whereby, upon the publication of notice, he may advisedly invoke against debtors or bailees ordinary legal remedies. That the proceeding was "intended as an informal but prompt and effective substitute for the tedious and expensive process on a bill of discovery" was explicitly held in *Noble* v. *Halliday* (1 Comst., 333). The follow-

ing observations of Ruggles, J., who there delivered the opinion of the court, are quite appropriate to the present case : " The necessity and utility of the proceeding are too obvious to require elucidation. The property of an insolvent corporation is usually in the hands of the officers and agents under whose management it has become insolvent. They are frequently its largest debtors, and the power of compelling them and all others to disclose its condition, and of ascertaining by that means where its property is, in whose hands, under what claim or pretense it is held, and who are its debtors, is indispensable to the interest of its creditors for whose benefit it is to be collected and distributed by the receiver."

The proceeding under the statute is terminated by the signature of the person examined to his deposition and the attestation thereof by the officer conducting the inquiry. (2 R. S., 44, § 13.) Such proceeding may be instituted *even against a witness* (section 12), who can testify concerning the concealment or embezzlement of property by *any other person*. The warrant is nothing more, in substance, than a subpœna, obedience to which is insured in the first instance. Modern legislation would probably have substituted the more genial process of a judge's order, but the object to be attained is the same, however brought about.

These views are emphasized by reference to the Code (§§ 1788, 1789). Under these sections even a temporary receiver, appointed in sequestration proceedings, has power " to collect and receive the debts, demands and other property of the corporation,   *   *   * and to maintain any action or special proceeding for either of those purposes."

Such temporary receiver is not required to give the notice already referred to, yet, clearly under the express authority of the statute above quoted, he may proceed against debtors or bailees. Now, this temporary receiver may be continued by the final judgment, and thereupon he becomes, in the language of section 1788, " a permanent receiver, and has all the powers and authority conferred and is subject to all the duties and liabilities imposed upon a receiver appointed upon the voluntary dissolution of a corporation." It would certainly be strange if the same officer, who as temporary receiver is lawfully prosecuting debtors and bailees, should, the

moment he is appointed permanent receiver, be compelled to pause until after the formality of this first publication has been gone through with. Upon the whole, I am of opinion that the petitioner had a right to institute the present proceeding as soon as he was appointed permanent receiver. He was not required by the court to furnish any additional security beyond that which he had already given as temporary receiver. Nor was the court called upon by any statutory provision to require him to furnish additional security. He was simply, in the language of the section, " continued by the final judgment." There was no break in the office. The receiver was receiver throughout, and his bond was effective throughout. The fact that he filed a bond when originally appointed is sworn to, and such proof is not negatived by the certificate of the clerk that no bond was filed after the 7th of November, 1888. The petitioner was appointed on the 3d of November, 1888, and the bond was undoubtedly filed between that date and the seventh of November. If not, the appellant should have shown the omission by a certificate covering the period commencing with the appointment. It is not necessary to decide whether the receiver was bound to file the oath required of trustees of insolvent debtors (2 R. S., 41, § 5), for the proof that such oath was filed is quite satisfactory, and we even find a copy of the oath among the papers used in opposition to the motion to vacate.

The point is made that the warrant was void because no notice of the application therefor was given to the attorney-general. There is nothing in this point. This proceeding is not within the act of 1883. (Chap. 378, § 8.) It is not for the dissolution of the corporation, nor for the distribution of its assets, and it would be absurd to require the receiver to notify the attorney-general of every step he takes to discover property and debts, or to secure such property and debts when discovered. The attorney-general, however, had due notice of the application for the appointment of the receiver. This is denied by Mr. Alden upon the strength of the judgment-roll and proceedings in the sequestration suit. But these proceedings sufficiently show that the attorney-general had notice, and it was incumbent upon the objecting party to rebut what thus appears, and to show affirmatively, as matter of fact, that such was not the case.

The attorney-general's admission of due service appears to be indorsed upon the original notice of motion for the appointment of a temporary receiver, and proof of the service upon him of all the papers thereon is recited in the order. There is, it is true, no proof of the service upon the attorney-general of the papers upon which the court subsequently relieved the original appointee and substituted Mr. Stonebridge *pendente lite*. It seems, however, that the original order was amended *nunc pro tunc* simply by making this substitution, and thus a recital of notice to the attorney-general appears on the order so appointing Mr. Stonebridge as temporary receiver. This, however, would probably not have answered but for what followed. All the papers upon the application for final judgment and for the continuance of Mr. Stonebridge as permanent receiver were duly served upon the attorney-general, together with a copy of the proposed judgment, in which this language was used : "Second. That George H. Stonebridge, Jr., Esq., heretofore appointed receiver of the said corporation, is hereby continued as the permanent receiver thereof, with the usual powers and duties," etc. This proposed judgment also recited that "copies of all the preceding papers" in the action had been served upon the attorney-general, and that Stonebridge had been, by order entered therein on the 11th day of October, 1888, duly appointed receiver of all the assets of the company, and had duly qualified and entered upon his duties as such receiver, and was then, at the date of the judgment, the receiver of the corporation.

The provisions of the act of 1883 were thus substantially complied with, and the validity of Mr. Stonebridge's appointment cannot now be successfully attacked, certainly not by a party or witness in this collateral proceeding. It is also claimed that the proceedings should have been dismissed, because in their institution and conduct the receiver employed the attorneys for one of the creditorst of the corporation. This is carrying the rule that a receiver should not employ the attorney of either of the parties to the suit entirely too far. These gentlemen were not even attorneys for the plaintiff in the action wherein the receiver was appointed. They happen to represent one of the creditors of the corporation who, if the receiver secures any property, will share equally with the other creditors.

The receiver represents all the creditors, and the stockholders as well. The point would be the same in principle if these attorneys represented a stockholder. It was entirely natural and proper for a receiver thus appointed to look for assistance, in securing something for his *cestuis que trust,* where he would be likely to get it. It is quite different where the receiver is appointed in a partnership suit, or even in a proceeding designed for the benefit of a single creditor. " The undertaking to act as the solicitor or counsel for the receiver, under such circumstances, would, therefore," as was said by the chancellor in *Ryckman* v. *Parkins* (5 Paige, 545), " frequently cast upon the person thus assuming to act inconsistent and conflicting duties ; both of which duties could not properly be discharged by the same person." Here, however, there can be no such conflict of duty. The receiver representing all the creditors who, regardless of individual zeal, must share alike, cannot well be placed in a false position by availing himself of the knowledge acquired by the counsel of any one of such creditors. A question may ultimately arise with regard to compensation, but so far as the present proceeding is concerned there is no ground for dismissal.

The question of the constitutionality of the act was sufficiently considered by Mr. Justice DANIELS in his dissenting opinion on the previous appeal in this matter. (53 Hun, 549.) There is nothing in the prevailing opinion there to indicate that the majority differed with him on this head. The question, too, seems to be reasonably free from doubt. There is here no attempt to punish any one or to deprive any one of property without due process of law. The party or witness is simply brought before the officer to be examined upon proof sufficient to warrant the inference of concealment or embezzlement. If, upon such examination, the officer was authorized summarily to overrule a claim of title and to compel the delivery of the property discovered, the case of *Matter of Beebe* (20 Hun, 462), would be applicable. But the act there under consideration is plainly distinguishable from the present in that it " was not passed," as Mr. Justice BOARDMAN observed, " for the purpose of the examination, but to get possession of the property claimed, if the examination proved favorable." Here discovery is alone the aim and end of the proceeding. It will be observed, too, that the constitutionality

of the law was not even questioned in *Noble* v. *Halliday* (*supra*), while the practical working of the act was commended.

The verification of the petition is certainly informal, but it should not, under the circumstances, be treated as an absolute nullity. The venue, though absent from its usual place, may properly be gleaned from all that appears on the face of the petition. This petition is entitled in the Supreme Court, " City and County of New York," and it purports to have been verified before " Nicholas Schloeder, Notary Public (153) N. Y. Co." The words " City and County of New York " in the title have no legal relation to the proceeding, and are superfluous except as indicating the venue. Ordinarily these words in such a connection refer to the designated place of trial. They could have had no such meaning here, for the proceeding of itself is not an action, nor is it initiated in an action, nor can it result in a trial. Consequently, these words indicate nothing save the locality where the oath was administered and where the proceeding was about to be commenced. The presumption that the notary officiated within his jurisdiction is thus strengthened by the context. And the presumption that the officer has not violated his duty is sufficient *prima facie* to establish the fact that the oath was administered by him in the county appended to his name. (*Parker* v. *Baker*, 8 Paige, 430 ; *Barnard* v. *Darling*, 1 Barb. Ch., 219; *People in re Mosher* v. *Stowell*, 9 Abb. N. C., 461.) But apart from this, the objection was waived by the failure to make it below. It nowhere appears in this record that the point was specified as one of the grounds of the motion to vacate. If the objection had been taken, it would, according to the ruling in *Smith* v. *Collier* (3 N. Y. St. Rep., 172), have been competent to permit an amendment in accordance with the fact. Nor would the objection have been necessarily fatal, even without an amendment, for the statute does not require a petition, and the warrant may issue when the officer is satisfied of the existence of the necessary facts by the oath of the receiver " or other competent proof." Here there was this oath, but whatever question there may have been as to its sufficiency, there was also other competent proof sufficient to sustain the warrant.

There are still other objections to the proceeding upon the appellant's brief, but they need not be specially considered. They are

of a trivial and technical character, suggestive of a desire to evade the examination at all hazards and upon the most trumpery grounds. Upon the facts there was ample to warrant the examination.

The order should, therefore, be affirmed, with costs.

Order reversed, with ten dollars costs and disbursements.