## LANGDON *v.* NEW YORK BOOK CO.

*(Superior Court of New York City, General Term.* May 4, 1891.)

PROCEEDINGS IN CONTEMPT—NOTICE TO ATTORNEY GENERAL.

A receiver of a corporation, appointed in an action by a judgment creditor for sequestration of its property, made an application for the punishment for contempt of a person who, without leave of the court, had sued the receiver in another court. *Held,* that under Laws N. Y. 1883, c. 378, § 8, requiring notice to be given to the attorney general of all motions or other applications in any action for the dissolution of a corporation or a distribution of its assets, and providing that any order or judgment granted in any such action or proceeding without such notice shall be void, no order punishing such person for contempt could be made without notice to the attorney general.

Appeal from special term.

Action by George Langdon as a judgment creditor of the New York Book Company for a sequestration of the property of the company. George H. Stonebridge, Jr., was appointed in the action receiver of the property of the company, and, having been sued, without leave of court, by John B. Alden for acts done as such receiver, applied for the punishment of Alden for contempt. Alden appeals from an order adjudging him guilty of contempt.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

*Dill, Chandler & Seymour,* (*James B. Dill,* of counsel,) for appellant. *Straley, Hasbrouck & Schloeder,* (*Charles E. Hughes,* of counsel,) for respondent.

FREEDMAN, J. The above-entitled action was brought in this court by a judgment creditor for the sequestration of the company's property, and by final judgment entered therein George H. Stonebridge, Jr., was appointed permanent receiver of the corporation. After having qualified as such, the receiver procured from a justice of the supreme court a warrant of arrest against John B. Alden, pursuant to the provisions of section 12 of part 2, tit. 1, c. 5, art. 8, of the Revised Statutes, which provisions are by law made ap-

plicable to receivers of corporations, and under this warrant Alden was arrested and produced by the sheriff for examination. His motion to vacate the warrant having been denied, he appealed to the general term of the supreme court, and upon such appeal the order of the special term denying his motion was reversed, and the warrant vacated, (*In re Stonebridge*, 6 N. Y. Supp. 311,) upon the ground that the allegations of the petition, being upon information and belief only, were insufficient to justify the issuance of the warrant. Alden then sued Stonebridge individually in the city court upon allegations to the effect that the warrant was void for want of jurisdiction, and that Stonebridge, who had caused it to be issued as receiver, was personally responsible in damages. Stonebridge, as receiver, thereupon obtained from this court an order requiring Alden to show cause why he should not be punished for contempt of this court in instituting the action in the city court without the leave of this court; and the proceedings had upon this order to show cause finally resulted in the order adjudging Alden guilty of contempt, and imposing a fine of $250 upon him, besides costs. In making this order, which is now presented for review, the learned judge who made it seems to have been of the same opinion which the general term of the supreme court must be deemed to have entertained on vacating the warrant, (see 6 N. Y. Supp. 311,) namely, that there was jurisdiction in the justice who granted the warrant to pass upon the question whether or not the warrant should be granted upon the merits disclosed. But since that time it has been determined that, irrespective of the merits disclosed, such a warrant cannot be granted unless notice of the application for the warrant was given to the attorney general pursuant to the requirements of section 8 of chapter 378 of the Laws of 1883, and that a warrant granted without such notice is void. *In re Vanamee*, 8 N. Y. Supp. 219, affirmed 23 N. E. Rep. 1149; *In re Stonebridge*, 10 N. Y. Supp. 727. These decisions are fatal to the order appealed from, because it sufficiently appears that no notice of the application to punish Alden for contempt was served upon the attorney general. The motion to punish having been entitled in the sequestration action in which the receiver was appointed, and the action being, under the provisions of the Code of Civil Procedure, one for the distribution of the company's assets, the act of 1883, commonly known as the "Haggerty Act," applies. By that act it is provided that in such an action or proceeding a copy of all motions and all motion papers, and a copy of any other application to the court, together with a copy of the order or judgment proposed thereon to the court, shall in all cases be served on the attorney general in the same manner as provided by law for the service of papers on attorneys who have appeared in actions, whether the applications, but for this law, would be *ex parte* or upon notice, and that any order or judgment granted in any such action or proceeding without such service of such papers upon the attorney general shall be void. This language is so broad and comprehensive that I fail to perceive how it can be held that the receiver's application to punish Alden is not covered by it. This being so, it is unnecessary to consider the other questions involved. The order appealed from should be reversed, with $10 costs and disbursements, and the motion to punish denied, with $10 costs, with leave, however, to the receiver to renew the motion upon payment of such costs and upon proper notice to the attorney general. All concur.