(25 Misc. Rep. 221.)

### STIEFEL v. NEW YORK NOVELTY CO. et al.

(Supreme Court, Special Term, New York County. November, 1898.)

1. AGENCY—SUFFICIENCY OF EVIDENCE.

A receiver sued to compel defendant to account for money alleged to have been paid to her by a corporation at a time when its insolvency was imminent. A note had been transferred to defendant's father, an officer of the corporation, but neither the note nor its proceeds came into defendant's hands, or was disposed of at her direction. *Held*, that evidence that defendant's father, at one time, had been intrusted with a savings bank book belonging to defendant, to pledge as security for a loan to the corporation, and that defendant, when informed thereof, acquiesced in the subsequent use by her father of the moneys on deposit in the bank, is insufficient to charge defendant with the acts of her father as her agent.

2. RECEIVERS—PUBLICATION OF NOTICE TO DELIVER ASSETS.

The publication by the receiver of a notice requiring all persons having property of the corporation in their possession to deliver it to him, as required by 2 Rev. St. p. 469, §§ 70, 72, is not a condition precedent to the right of the receiver to sue to compel a creditor to account for sums paid to her by the corporation at a time when its insolvency was imminent, the payment being void by Laws 1892, c. 688, § 48.

3. SAME—STATUTES—VESTED RIGHTS.

A recovery by a receiver, under Laws 1892, c. 688, § 48, of payments made to a creditor by the corporation when its insolvency was imminent, cannot be resisted on the ground that the indebtedness was contracted before the passage of the statute, since it impairs no vested rights of the creditor.

4. SAME—TRANSFERS—CASH.

Laws 1890, c. 564, § 48, prohibiting any "transfer" of property of a corporation in contemplation of insolvency, is broad enough to include payments of cash.

Action by Mortimer Stiefel, as receiver of the New York Novelty Company, against the New York Novelty Company and others. Judgment for plaintiff.

Edgar J. Lauer, for plaintiff.

Benjamin Tuska, for defendants Sophia and Isabella Schwab.

Edwin T. Taliaferro, for other defendant.

BISCHOFF, J. The plaintiff brings this action to compel the defendants Isabella and Sophia Schwab to account for certain sums paid to them by the corporation of which he is the permanent receiver, and for an accounting by the defendant Ada Schwab of the proceeds of two promissory notes transferred to her by the corporation, it being alleged that these payments and transfers were made with an intent to give a preference to these defendants at a time when the insolvency of the corporation was imminent, and, accordingly, were open to attack in behalf of the corporation's creditors, under section 48 of the stock corporation law (Laws 1892, c. 688).

As to the defendant Ada Schwab, the plaintiff's action must fail, upon the merits, since, with regard to the one promissory note of

which a transfer by the corporation was proven, the transfer was made, not to her, but to her father, an officer of the corporation, and neither the note nor its proceeds ever came into this defendant's hands or were disposed of at her direction.    The only evidence given in support of an agency in the transferee, for his daughter, shows that at one time this individual was intrusted with a savings bank book belonging to her, for the purpose of pledging it as security for a loan to the corporation; and the further proof, from which a ratification of the transaction in suit is sought to be inferred, goes no further than to support the daughter's acquiescence in the fact that he had subsequently used the moneys on deposit in the bank, when she was informed of this circumstance.    All this was totally disconnected from the matter of the transfer of the promissory note, and there was no proof of an agency in that matter, nor of ratification of the transferee's act of acceptance, since the defendant sought to be charged was in total ignorance of the circumstances as to which she is alleged to have given her approval.

With regard to the payments made to the defendants Isabella and Sophia Schwab, I think the evidence amply shows that the transactions were of just such a nature as the statute is aimed against, the proofs and the proper inferences to be drawn therefrom leading clearly to the conclusion that at the date of the payments the corporation was in an insolvent condition, that its dissolution was apprehended, and that the payments were made with an intent to prefer these defendants.

It is urged, however, that, should the facts be found in favor of the plaintiff, still his cause of action is incomplete, because, prior to the action, he had not published the statutory notice, requiring all persons having property of the corporation in their possession to deliver such property to him, the receiver (2 Rev. St. p. 469, §§ 70, 72; 4 Rev. St. [Banks & Bros., 8th Ed.] p. 2682); and in support of the contention the authority of In re Stonebridge, 57 Hun, 441, 10 N. Y. Supp. 727, is cited.    This was a decision of the general term of the First department for the reversal of an order which denied a motion to vacate a warrant, obtained by the permanent receiver of a corporation, for the examination of a party who was alleged to have property of the corporation in his possession.    Each of the three members of the court delivered an opinion, one being favorable to an affirmance, but the concurrence of the majority in the view that the receiver's proceedings were defective, a distinct ground of defect being treated of by each of the concurring judges, resulted in the reversal of the order.    It is upon the individual opinion of one of the learned justices, thus concurring in the same result, that the defendants rely for a dismissal of the complaint; the gist of that opinion being that the receiver, having failed to give the general notice of his demand that the property of the corporation be delivered to him, as required by statute, could not enforce a right to the delivery of that property then in the hands of the appellant, and that, the statute having prescribed one form of demand, that form was exclusive.    In one aspect, the Stonebridge Case is distinguishable from the present action, since it is to be inferred that a demand was necessary in that case to render the party's possession tor-

tious, whereas here the defendants' possession of the assets in suit was derived in the course of a transaction which the statute declares to have been void; but the views expressed by the learned justice in the case cited would seem to oppose the maintenance of any action for the recovery of property by a permanent receiver until this public notice had been given; and, after devoting to the question that careful consideration which should precede any inclination to differ with so eminent and experienced a jurist, I am led to the conclusion that such a result was not within the contemplation of the statute. Clearly, the provisions for notice were not enacted for the benefit of the debtors of the corporation. It is apparent that the one purpose of the enactment, of which the sections referred to form a part, was to establish rules for the preservation of the estate in the hands of the receiver, and to accomplish his successful administration of that estate. The necessity for his giving notice of his appointment by public advertisement is found in the probability that, but for notice, assets in the hands of third parties would be withheld from the receiver through ignorance of the facts, and, accordingly, the law looking to the proper administration of the receivership required that the notice be given. As an appropriate preliminary to the receiver's search for assets, the statute made it his duty to advertise this notice; but nothing can be found in these and in the accompanying sections of the article of the Revised Statute in question from which it may be inferred that the act of making the publication was to be a condition of the officer's right to reach assets which he had discovered. As is pointed out in the learned dissenting opinion delivered in the Stonebridge Case, these statutory provisions are, in terms, assimilated to the procedure applicable to cases of trustees of insolvent debtors, and the provision for the publication of notice in the latter class of cases does not relate to the officer's right to collect the assets, the legislative intent being expressly so declared. 2 Rev. St. p. 43, § 10. So far as it supports the proposition that the receiver's right of action depends upon the publication under the statute, the Stonebridge Case has never been followed; and I do not conceive that the judicial utterance in support of the rule is to be construed as the decision of the court, and thus conclusive upon the question now presented at special term.

It has been suggested that the matter of the receiver's duty, as to the advertisement, may be considered as immaterial to this action, upon the ground that the action was commenced by the plaintiff when temporary receiver, the cause of action of such an officer not being affected by this statutory provision for public notice (Nealis v. Iron Co., 76 Hun, 220, 27 N. Y. Supp. 733); but the record does not support the argument. From the pleadings it appears that plaintiff sues as permanent receiver, and such is the proof; and, while it is now said that before the commencement of the action a provisional remedy was applied for by the then temporary receiver, the fact was not sought to be established at the trial by any evidence. Therefore, assuming that an action might be viewed as commenced when a provisional remedy is sought, I can only hold that this action was begun by the service of the summons. and at that time the plaintiff was the permanent receiver.

There appears to be no dispute with regard to the amounts paid to the defendants Isabella and Sophia Schwab by the corporation on the 13th, 14th, 15th, and 16th days of July, 1894; and, as to all these payments, the findings of fact covering the questions of preferential intent and contemplation of insolvency must be favorable to the plaintiff. The payments to defendant Sophia Schwab aggregated $5,850, and those to defendant Isabella Schwab $13,500.

It is contended that so much of the indebtedness to these defendants as was contracted by the corporation prior to the year 1892 (when the statute prohibiting preferential payments of this nature went into effect) should be held as exempt from the operation of that statute, and that the plaintiff should recover only for the payments made in satisfaction of demands which originated during the time when this law was in operation. I do not think that the defendants can successfully resist the plaintiff's claim upon the ground that these loans were made in reliance upon some vested rights which the statute in question has impaired. The restriction of the statute is limited to the corporation prohibiting acts the performance of which could never have been other than voluntary, and thus not of a nature to be commanded or enforced by the defendants as creditors. The latter lost no remedy which existed prior to the enactment, and, at most, they lost only the benefit of some gratuitous act which the corporation might have performed, if at liberty to do so, but which was in no way founded upon any existing right. Moreover, if it could be assumed that the statute of 1892, by its retroactive effect, impaired some right of the defendants in this regard, still the plaintiff's cause of action is supported by the provisions of section 48 of chapter 564 of the Laws of 1890, in force at the date when the earliest loans were made, whereby any transfer of property of a corporation made in contemplation of its insolvency was prohibited. I think that there can be no doubt that the "transfer" thus declared void should be construed as covering payments of cash, these being within the natural scope of the term, and certainly within the mischief against which the statute was aimed. There should be judgment for the plaintiff for $5,850, with interest, against defendant Sophia Schwab, and for $13,500, with interest, against defendant Isabella Schwab, the judgment to direct the delivery to such defendants by the plaintiff of such of the promissory notes, in discharge of which the payments in suit were made, as have come into his possession as receiver; and with regard to such of the notes as were delivered by the defendants to the corporation, but have not reached the receiver's possession, the original existence and subsequent loss of the instruments is to be adjudged. The matters of fact touching the identity of the notes, now capable of delivery, may be adjusted upon the settlement of the form of decision and judgment.

Judgment for plaintiff, as indicated, with costs. Complaint dismissed as to defendant Ada Schwab, upon the merits, with costs. Ordered accordingly.